BENJAMIN KLOUS & another *vs.* JUDGES OF THE MUNICIPAL COURT OF THE CITY OF BOSTON.

Suffolk. November 14, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, & WAIT, JJ.

*Prohibition, Writ of. Jurisdiction. Municipal Court of the City of Boston. Jury and Jurors. Practice, Criminal, Grand jury proceedings, Dismissal of complaint. Constitutional Law, Due process of law.*

One, who was a defendant in a complaint in a municipal court under G. L. c. 266, §§ 30, 60, for larceny and for receiving stolen goods, and who

afterwards was indicted by a grand jury for the same offences, petitioned for a writ of prohibition to enjoin the judge of the Municipal Court from dismissing the complaint by reason of the indictment. A demurrer to the petition was sustained and the petitioner alleged an exception. *Held,* that

(1) *Whether* prohibition was a proper remedy was not determined;

(2) The circumstance that the Municipal Court had concurrent jurisdiction with the Superior Court of the crimes charged did not compel the Municipal Court to take full jurisdiction;

(3) It has been the custom, in instances where an indictment has been found for the same offence as that described in a pending complaint against the same defendant, or a graver offence, for the district court not to try the complaint;

(4) It was not beyond the jurisdiction of the respondent to dismiss the complaints pending before him by reason of indictments having been returned charging the same crimes;

(5) No constitutional right of the petitioner was thereby violated.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 22, 1924, for a writ of prohibition enjoining the respondents from dismissing certain complaints against the petitioners by reason of the petitioners having been indicted by the grand jury for the same offences as were described in the complaints.

The respondents demurred. The demurrer was heard by *Carroll,* J., who ordered that it be sustained. The petitioners alleged an exception.

*L. Marks,* (*N. Haffer* with him,) for the petitioners.

*M. Caro,* for the respondents.

RUGG, C.J. This is a petition for a writ of prohibition against the justices of the Municipal Court of the City of Boston. To that petition a demurrer was filed on various grounds. An order was entered sustaining the demurrer. The petitioners' exceptions bring the case here.

The facts alleged in the petition are in brief that complaints were made against each of the petitioners in the Municipal Court of the City of Boston, one for larceny of personal property under G. L. c. 266, § 30, and one for receiving stolen goods under G. L. c. 266, § 60, and that the petitioners were on April 7, 1924, severally arrested upon warrants issuing on these complaints and admitted to bail; that the complaints were continued for trial until April 16, 1924; that on April 10, 1924, the grand jury for Suffolk County found and re-

turned to the Superior Court indictments against the petitioners for the identical offences described in the complaints, and the petitioners were arrested on warrants issued pursuant to the indictments on April 17, 1924; that on April 17, 1924, by order of a judge of the Municipal Court the complaints pending in that court were, against the objection of the petitioners, continued to April 24, 1924, the judge ruling that he would dismiss the complaints by reason of the indictment for the same crimes pending in the Superior Court. The prayer of the petition is that, since the Municipal Court of the City of Boston and the Superior Court have concurrent jurisdiction of the offences charged, the petitioners have a right to require the Municipal Court to proceed to trial of their cases, and that that court be prohibited from dismissing the complaints.

It has not been argued that prohibition is not a proper remedy. It is assumed in favor of the petitioners, but without so deciding, that they have not invoked this writ without right. *Goulis* v. *Judge of Third District Court of Eastern Middlesex*, 246 Mass. 1, 8, and cases there collected. *Tehan* v. *Justices of the Municipal Court of Boston*, 191 Mass. 92. See *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162.

The circumstance that the Municipal Court of the City of Boston has concurrent jurisdiction with the Superior Court, of the crimes charged, does not compel the former tribunal to take full jurisdiction. It might in its discretion commit or bind over the petitioners as defendants for trial in the Superior Court. G. L. c. 218, § 30. *Commonwealth* v. *Rice*, 216 Mass. 480. It was said in *Commonwealth* v. *Cody*, 165 Mass. 133, 136: "the pendency of an indictment is no ground for a plea in abatement to another indictment in the same court for the same cause. *Commonwealth* v. *Drew*, 3 Cush. 279. Nor is it ground for a plea in bar. *Commonwealth* v. *Berry*, 5 Gray, 93. Nor for a motion in arrest of judgment. *Commonwealth* v. *Murphy*, 11 Cush. 472." *Commonwealth* v. *Brown*, 167 Mass. 144, 148.

The grand jury is an institution preserved by the Constitution of this Commonwealth. It always has been re-

garded as an important part of our criminal procedure.   It has been jealously protected against encroachments on its essentials either by statute or by loose practice.   *Jones* v. *Robbins*, 8 Gray, 329.   *Commonwealth* v. *Harris*, 231 Mass. 584.   *Lebowitch, petitioner*, 235 Mass. 357.   *Opinion of the Justices*, 232 Mass. 601.   The judicial system of this Commonwealth with reference to the prosecution for crimes has always been framed with reference to the power of the grand jury to make presentment.   The extension of the jurisdiction of district courts over many classes of crimes was designed in part to afford more speedy trials and to relieve the Superior Court.   That function of the district courts is important and doubtless ought to be widely used. *Attorney General* v. *Tufts*, 239 Mass. 458, 514, 515.   But it is not the design of legislation to that end to hamper the action of the grand jury in crimes of magnitude where its intervention is deemed necessary.

It has been the immemorial custom in this Commonwealth, since the establishment of the district courts and other earlier tribunals of more or less similar character, for the grand jury to consider crimes, prosecution for which is pending in those courts, in instances where the public interests seemed to require such investigation.   Such cases naturally would not be frequent.   It also has been the custom, in instances where an indictment has been found for the same or a graver offence, for the district court not to try the complaint pending before it.

The power of a district court to order a complaint dismissed is recognized in *Commonwealth* v. *Bressant*, 126 Mass. 246, and in *Commonwealth* v. *Hart*, 149 Mass. 7.

A different question would be presented if defendants in the district court were obliged to accept its jurisdiction as final.   Under the present judicial system a finding of guilty in the district court does not bind the defendant, but he may appeal to the Superior Court; while a finding of not guilty binds the Commonwealth and prevents further prosecution for the same offence by indictment or otherwise.

We are of opinion that it cannot be pronounced beyond the jurisdiction of the respondents to dismiss the complaint

pending before them by reason of indictments having been returned charging the same crimes.

This conclusion violates no constitutional right of the petitioners. The right of personal liberty is held sacred. But that right must yield to prosecutions for crime according to standing laws. The complaint of the petitioners is against an established method of procedure under the laws of this Commonwealth.

*Exceptions overruled.*