COMMONWEALTH *vs.* PATRICK E. FLAHERTY (and fourteen companion cases [1]). February 3, 1971. The defendants appeal under G. L. c. 278, §§ 33A–33G, from their several convictions at a trial without jury of (1) unlawful possession of a narcotic drug, G. L. c. 94, § 205; (2) being present where a narcotic drug is illegally kept or deposited, G. L. c. 94, § 213A; and (3) growing a narcotic drug, G. L. c. 94, § 198A. Police searched a second floor apartment in the town of Sunderland pursuant to a valid search warrant and found quantities of marihuana in two of the four bedrooms in the apartment and nine lumps of green hashish in the pocket of an unidentified jacket hanging over a chair in the hallway. All of the five defendants were located in the hallway and kitchen of the apartment when the police entered. The prosecution's case rests on the following evidence. A tenant in a first floor apartment who had been living in the apartment building for about a year before the defendants' arrest on February 6, 1969, testified that during that period of

---

[1] Of the companion cases two are against Patrick E. Flaherty, three are against Harry J. Gold, three are against George H. Moser, three are against Gail M. Flaherty, and three are against Brenda L. Gold.

time he had seen the defendants "several times . . . entering, leaving, or about the premises" but that he had never visited them "in any area of the house." He occasionally "heard knocking" at the door leading up to the upstairs apartment in question, but he "didn't see them knock." There was testimony that a valise bearing the name Patrick Flaherty was found in one of the bedrooms. However, there was no evidence that Flaherty or any of the other defendants rented the apartment, or that they lived there or spent any considerable amount of time there, or that they had control over the apartment or its contents. The Commonwealth's case against the defendants falls far short of "proof that the accused was 'present where [he knew] a narcotic drug . . . [was] illegally kept or deposited.'" *Commonwealth* v. *Buckley,* 354 Mass. 508, 512. *Commonwealth* v. *Tirella,* 356 Mass. 271. "It is essential . . . that the circumstances taken as a whole, and giving them their reasonable and just weight, and no more, should to a moral certainty exclude every other hypothesis." *Commonwealth* v. *Webster,* 5 Cush. 295, 319. The evidence does not exclude to a moral certainty that the defendants were casual visitors to the apartment and knew nothing of the narcotic drugs found in the bedrooms and in the pocket of a jacket whose ownership was not established.

*Judgments reversed.*
*Findings set aside.*

*David Burres* for the defendants.