COMMONWEALTH vs. VANGEL XIARHOS.

Bristol.   October 17, 1973. — May 6, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

Practice, Criminal, Duplicitous convictions, Speedy trial, Appeal with
  assignments of error, Judicial discretion.   Constitutional Law,
  Speedy trial.   Narcotic Drugs.

Convictions on both an indictment for possession of heroin and an
  indictment for possession with intent to sell of that heroin at the
  same time and place were duplicitous, and the indictment for
  mere possession was ordered dismissed by this court.   [227-228]
No violation of G. L. c. 276, § 35, was shown by a continuance of
  a criminal case on a complaint in a District Court for more than
  ten days against the defendant's objection where it appeared that
  seven days after the continuance the defendant was indicted for
  the same offense.   [228-230]
There was no merit in a contention by the defendant in a criminal
  case commenced by a complaint that the district attorney's
  obtaining an indictment against him for the same offense violated
  his right to a speedy trial in that the case might have been
  disposed of earlier if it had been tried in the District Court, where
  it appeared that trial in the Superior Court commenced some two
  months after the time alleged by the defendant for trial in the
  District Court and less than six months after his arrest.   [229-230]
The disposition of a motion that a criminal trial on a charge other
  than murder or manslaughter be made subject to G. L. c. 278,
  §§ 33A-33G, rests in the discretion of the judge, and may be made
  after the conclusion of the trial.   [230-231]
Evidence warranted a finding that the defendant in a narcotics case
  was in possession of heroin found in a closet containing male
  clothing in an apartment in which he lived with his mother and
  sister.   [231-232]
A finding of guilty of unlawful possession of heroin with intent to
  sell was warranted by evidence that upon a search by police of an
  automobile which the defendant had been driving, seventeen
  glassine bags of heroin were discovered concealed in the back seat,
  and that the defendant at the time of the search told the police
  that he did not use heroin.   [232-233]

THREE INDICTMENTS found and returned in the Superior Court on November 11, 1971.

The cases were tried before *Leen*, J.

*James Seligman* for the defendant.

*Augustus F. Wagner, Jr.*, Assistant District Attorney, for the Commonwealth.

ROSE, J. The defendant was convicted after a jury trial on two indictments charging him with unlawful possession of heroin (G. L. c. 94, § 212, as appearing in St. 1958, c. 95, § 2) and on an indictment charging him with unlawful possession of heroin with intent to sell (G. L. c. 94, § 212A, as appearing in St. 1960, c. 204, § 1).[1] The defendant took exception to the denial of motions (1) to dismiss the indictments for lack of a speedy trial; (2) to hold the trial under the provisions of G. L. c. 278, §§ 33A-33G; (3) for a directed verdict on one of the indictments returned under § 212; and (4) for a directed verdict on the indictment returned under § 212A. Other exceptions were not argued in the defendant's brief, and we do not consider them here. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972).

The facts as set forth in the defendant's substitute bill of exceptions are as follows. On August 13, 1971, police officers searched an automobile which the defendant had been driving and discovered seventeen glassine bags containing heroin concealed in the back seat. At approximately the same time, while searching the closet of an apartment which the defendant had been seen to frequent, police found a vial containing heroin. Both searches were conducted pursuant to search warrants the validity of which is not questioned here. Complaints were issued charging the defendant with unlawful possession of the heroin found in the car, with unlawful possession of the same with intent to sell, and with unlawful

---

[1] Sections 212 and 212A of G. L. c. 94 were repealed and were replaced by §§ 34 and 32, respectively, of G. L. c. 94C, effective July 1, 1972. See St. 1971, c. 1071, §§ 1, 2.

possession of the heroin discovered in the apartment. Those complaints were dismissed after a grand jury returned indictments on each charge.

1. We are of the opinion that one of the convictions relating to the heroin discovered in the automobile is invalid in light of the decision in *Kuklis* v. *Commonwealth*, 361 Mass. 302 (1972). The defendant's failure to raise this objection at trial is excusable as the *Kuklis* case was decided about a month after his trial was held.

Kuklis was found guilty on complaints charging him with unlawful possession of marihuana (G. L. c. 94, § 205, as appearing in St. 1958, c. 95, § 1) and being present where a narcotic drug was illegally kept (G. L. c. 94, § 213A, as appearing in St. 1960, c. 204, § 2) and in addition was bound over and indicted for unlawful possession of marihuana with intent to sell (G. L. c. 94, § 217B, as appearing in St. 1960, c. 204, § 3). All three charges related to a single incident in which the defendant was arrested in a room in which marihuana was discovered. The court reasoned that because "the same time, place and type of drug were alleged in each charge, the indictment for possession with intent to sell expressed no more than an aggravated form of simple possession." *Kuklis* v. *Commonwealth*, 361 Mass. 302, 307-308 (1972). Finding that it was not the Legislature's intent to permit multiple convictions on identical charges, the court dismissed the complaints against the defendant for unlawful possession of, and being in the presence of, marihuana while affirming his conviction on the most serious charge, that of unlawful possession of marihuana with intent to sell.

The two indictments against the present defendant relating to the heroin found in the automobile involve a single time, place and type of drug. We believe that they meet the test of identity set forth in the *Kuklis* case at 306. Accordingly, we vacate the sentence on the defendant's indictment for unlawful possession of the

heroin found in the automobile and order that the indictment which charges that offense be dismissed.

2. The facts pertinent to the defendant's contention that he was denied a speedy trial may be summarized as follows. On August 13, 1971, the defendant was arrested. On August 14 he was arraigned in a District Court and his case was continued to September 27 with his consent. On the latter date it was agreed[2] that the case would be continued for trial on November 4. On that date the parties appeared, ready for trial, but were advised by the presiding judge that the crowded state of the District Court docket necessitated that the case be continued to December 8. The defendant objected on the ground that a further continuance would permit the district attorney to obtain grand jury indictments, preventing the case from being tried in the District Court. The defendant's counsel also gave the prosecuting officer a note requesting that the district attorney's office be contacted and asked not to have any "direct indictments" returned in the case. The district attorney's office received the request, but it was not granted. Indictments on each of the charges were returned on November 11, 1971. Before the commencement of trial in the Superior Court the defendant moved to dismiss the indictments, arguing that he had been denied his right to a speedy trial as guaranteed by art. 11 of the Declaration of Rights and by the Sixth Amendment to the Constitution of the United States. The motion was denied, subject to his exception.

The defendant argues that the judge's decision to continue his case from November 4 to December 8, 1971, was made in violation of G. L. c. 276, § 35, which provides in relevant part that a judge "may adjourn an examination or trial from time to time, not exceeding ten days at any one time against the objection of the defendant . . .." The defendant seeks to add a constitutional

_____

[2] See n. 4.

dimension to his argument by suggesting that § 35 represents an effort by the Legislature to define more narrowly the nature of a defendant's right to a speedy trial. See *Barker* v. *Wingo*, 407 U. S. 514, 523 (1972). We need not consider this contention as we are of the opinion that § 35 was not violated in this case. Although a continuance of the length ordered by the judge might have been invalid under that section, the continuance of the defendant's case in fact extended for only seven days, until November 11, 1971, when indictments against him were returned. Compare *Commonwealth* v. *Stewart*, 361 Mass. 857 (1972). We discern no violation of the defendant's rights under § 35.

The defendant also contends that his right to a speedy trial was violated by the district attorney's action in obtaining indictments against him. He suggests that if the complaints under § 212 had been tried in the District Court, final judgments on those charges could have been rendered as early as December 8, 1971.[3] As the pendency in the District Court of a matter over which that court can exercise final jurisdiction does not prevent the grand jury from returning an indictment for the same offense (*Klous* v. *Judges of the Municipal Court*, 251 Mass. 292, 295-296 [1925]; see *Commonwealth* v. *Buck*, 285 Mass. 41, 43 [1933]), the defendant cannot maintain that the Commonwealth had no right to proceed by indictment in his case. We do not believe that the period of time from December 8, 1971 (the date on which the complaints might have been tried in the District Court), to the commencement of the defendant's

---

[3] The charge under § 212A could not have been so quickly resolved because it did not fall within the final jurisdiction of the District Court. See G. L. c. 218, § 26, as amended by St. 1969, c. 496. Even a finding of no probable cause in the defendant's case would not have precluded his further prosecution. *Commonwealth* v. *Mahoney*, 331 Mass. 510, 511-512 (1954). *Commonwealth* v. *Britt*, 362 Mass. 325, 330 (1972).

trial in early February, 1972,[4] or the total lapse of less than six months between the defendant's arrest and his trial, constituted a "presumptively prejudicial" delay within the meaning of *Barker* v. *Wingo, supra,* at 530. It is therefore unnecessary for us to consider the other factors set forth in *Barker* v. *Wingo,* to wit, the reason for delay, the defendant's assertion of his right to a speedy trial, and the prejudice which might have resulted from the delay.[5]

3. The defendant moved at the commencement of his trial that it be held under G. L. c. 278, §§ 33A-33G. The motion was taken under advisement by the judge and, at the conclusion of the trial, was denied. The defendant took exception to its denial.

With regard to the timing of the judge's ruling, we do not believe that it was the Legislature's intent to foreclose the granting of such an order after the conclusion of trial. See *Commonwealth* v. *Silvia,* 343 Mass. 130, 133 (1961). As regards the correctness of the ruling, we note that the application of §§ 33A-33G to the trial of felonies other than murder and manslaughter is within the court's discretion (*Commonwealth* v. *King,* 356 Mass. 495, 497 [1969], and cases cited) and find no abuse thereof in this case.

---

[4] The date upon which the defendant's trial began does not appear in the bill of exceptions. Verdicts on the indictments were returned on February 10, 1972.

[5] The defendant also argues that the district attorney's action in obtaining indictments violated an agreement allegedly entered into by the prosecution and the defense and for that reason was a denial of the defendant's constitutional right to "fundamental fairness." It is stated in the substitute bill of exceptions that on September 27, 1971, "[i]t was agreed that trial in the District Court would be on November 4, 1971, in order that the case could be disposed of before the Grand Jury, sitting as of November 1, 1971, considered the matter." If the district attorney in fact subscribed to this agreement (the parties to the agreement are not disclosed in the record), we believe that he discharged his obligations thereunder by appearing (through a prosecuting officer) on November 4 prepared for trial.

The defendant also argues that the decision not to make the trial subject to §§ 33A-33G resulted in "great post-conviction delay" despite his "diligent efforts . . . to accelerate these matters." We find nothing in the record to support this assertion and conclude that this exception is without merit.[6]

4. The defendant also took exception to the denial of his motion for a directed verdict on the indictment for unlawful possession of the heroin found in his apartment, arguing that the evidence of his knowledge of and control over the drug was insufficient to warrant the submission of the indictment to the jury. See *Commonwealth* v. *Buckley,* 354 Mass. 508 (1968); *Commonwealth* v. *Harvard,* 356 Mass. 452, 458 (1969); *United States* v. *Weaver,* 458 F. 2d 825, 826-827 (D.C. Cir. 1972).

The evidence was, in relevant part, as follows. A vial containing heroin was found in the closet of an apartment which had previously been rented by the defendant and of which he was then a "current tenant." At the time of the defendant's arrest his mother and sister also lived in the apartment. In the course of almost daily police observation during the month preceding his arrest, the defendant was seen to enter and leave the apartment repeatedly during the afternoon and at night; he was observed in or near the apartment a total of twenty to thirty times. While searching the apartment the police found papers bearing the defendant's name. Male clothing (which was not identified as belonging to any person) was observed in the closet in which the vial was discovered.

Proof of criminal conduct may be established by circumstantial evidence and inferences drawn therefrom.

---

[6] The defendant's original bill of exceptions was filed on April 24, 1972, after the time for filing had been extended by the court. His substitute bill of exceptions was filed almost a year later, on April 11, 1973, and was allowed on the same date. Subsequently, the defendant filed a motion to amend the substitute bill which was also allowed on the day of filing.

See *Commonwealth* v. *Swartz,* 343 Mass. 709 (1962). Such inferences need not be necessary or inescapable. *Commonwealth* v. *Ehrlich,* 308 Mass. 498, 500 (1941). *Commonwealth* v. *Medeiros,* 354 Mass. 193, 197 (1968). It is enough that they be reasonable and possible. *Commonwealth* v. *Medeiros, supra. Commonwealth* v. *Smith,* 1 Mass. App. Ct. 642, 644 (1973). In our opinion evidence that the defendant lived in the apartment in which the heroin was found, viewed in light of other evidence that the vial was discovered in a closet containing male clothing, warranted the submission of the indictment to the jury. See *Commonwealth* v. *Mott, ante,* 47 (1974).

The decisions cited by the defendant in support of his argument are factually distinguishable from the case at bar. In *Williams* v. *United States,* 418 F. 2d 159 (9th Cir. 1969), aff'd. 401 U. S. 646 (1971), there was no evidence that the defendant whose conviction was reversed lived in the house in which heroin was found. *People* v. *Antista,* 129 Cal. App. 2d 47 (1954), involved a prosecution for the possession of illicit drugs discovered in common areas of an apartment which the defendant shared with other persons. Although it reversed the judgment of conviction entered in that case, the court observed that " [i]f the substance had been found in the personal effects of the defendant that would have been a potent circumstance indicating knowledge of its presence, ownership and control." *Id.* at 53. It is the link between the illicit drug and the clothing which could have been found to belong to this defendant which distinguishes the case at bar from *People* v. *Antista* and *Feltes* v. *People,* 178 Colo. 409 (1972).

5. The defendant took exception to the denial of his motion, grounded upon the alleged insufficiency of the Commonwealth's evidence, for a directed verdict on the indictment returned under § 212A. It is the defendant's contention that evidence that he possessed seventeen glassine bags of heroin could not support an inference

that he intended "to sell, furnish, give, deliver or barter" it in violation of the statute. Compare *Commonwealth* v. *Croft,* 345 Mass. 143 (1962), with *Commonwealth* v. *Ellis,* 356 Mass. 574 (1970), and *Commonwealth* v. *Baltrop, post,* 819 (1974). We find it unnecessary to decide that point because there was introduced in this case other evidence of the defendant's guilt. At the time his car was searched and the drug was found, the defendant told the police that he did not use heroin. "A person's intent is a matter of fact, which may not be susceptible of proof by direct evidence. In that event resort must be had, and frequently is had, to proof by inference from all the facts and circumstances developed at the trial." *Commonwealth* v. *Ellis, supra,* at 578-579. Accord, *Commonwealth* v. *Holiday,* 349 Mass. 126, 128 (1965). The jury could have concluded, in the case at bar, that there was no reasonable explanation for the defendant's possession of heroin other than that he intended to sell, give or barter it away. Cf. *Commonwealth* v. *Croft, supra,* at 144-145. It was therefore not error to deny the defendant's motion for a directed verdict.

As indictments Nos. 39199 and 39202, each of which charges the defendant with unlawful possession of heroin, are framed in identical terms, we are unable to determine which of them concerns the heroin found in the automobile. We therefore remand these cases to the Superior Court, where the indictment relating to the heroin found in the automobile is to be identified, the sentence imposed thereunder vacated, and that indictment dismissed. The judgments of the indictments for unlawful possession of heroin with intent to sell and for unlawful possession of heroin found in the apartment are affirmed ·

*So ordered.*