COMMONWEALTH *vs.* PROMISE J. LEE, JR.

Suffolk.    October 17, 1974. — December 10, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Search and Seizure.    Narcotic Drugs.*

Police officers in an apartment pursuant to a valid warrant to search for heroin lawfully seized papers which were discovered during the search for narcotics and were relevant to establishing that the defendant charged with possession of heroin with intent to distribute had control over the premises.    [702-703]

Evidence that men's clothing and many letters and papers belonging to the defendant were discovered in an apartment where heroin was found and that the defendant was seen several times over a

three-day period entering and leaving the apartment building was sufficient to warrant a finding that the defendant was in possession of the heroin.  [704-708]

INDICTMENT found and returned in the Superior Court on September 10, 1973.

A pre-trial motion to suppress evidence was heard by *Connolly*, J., and the case was tried before him.

*Malvine Nathanson* for the defendant.

*James P. Hayes*, Assistant District Attorney, for the Commonwealth.

HALE, C.J.   Following a jury trial the defendant was convicted of possession of a Class A controlled substance (heroin) with intent to distribute (G. L. c. 94C, §§ 31 and 32) and was sentenced.   The bill of exceptions discloses that on April 22 through April 24, 1973, two police officers observed a three story wood frame building at 123 Intervale Street, Dorchester, from positions inside and outside of the building.   On April 22 the police followed the defendant to 123 Intervale Street and saw him enter.   Between 6:00 P.M. and 7:30 P.M. they observed eight or nine other individuals enter the building and go upstairs.   Each of those individuals left after a short period of time. On April 23 in the same time period they saw about five persons enter the building and leave a short time later.   On April 24 they observed the defendant come down the stairs and leave the building. He returned about fifteen minutes later and went upstairs.   On April 25, a search warrant was obtained which authorized the search of "certain rooms in the apt. third floor of 3 story brick building at 123 Intervale Street" for "controlled substances" and any "article, implement or other paraphernalia used in, for, or in connection with the unlawful possession or use of any controlled substances."   The warrant was executed at the apartment described, and the police were admitted by a woman who stated that she occupied the premises.   The apartment was searched and heroin and paraphernalia used for its processing were found and seized.   In the course of the search certain papers were seized, some

from a cabinet drawer in one room[1] and others from the top of a table in the same room.[2]  The defendant was arrested on May 7, 1973, at a place about two miles from the apartment.  The woman occupant of the apartment was not arrested, nor were three youths who arrived at the apartment during the search.

The defendant moved to suppress the personal papers which were seized.  The motion was denied.  At the conclusion of the trial the defendant filed a motion for a directed verdict which was denied.  The defendant's exceptions to those denials present the only issues for our consideration.

The defendant contends that the seizure of his personal papers (nn. 1 and 2) was illegal because the papers were not specifically described in the search warrant and because the existing circumstances did not justify their warrantless seizure.  We hold that the seizure of the defendant's personal papers was lawful as evidence relevant to establish his connection with and control over the premises and thus his possession of the heroin seized.

---

[1]An unpostmarked letter addressed to Promise Lee, Jr., at 123 Intervale Street; a letter addressed to Promise Lee, Jr., 123 Intervale Street, postmarked May 4, 1972; a note from the City of Boston Employees Credit Union to Promise Lee, dated July 13, 1972; an unpostmarked, unopened letter addressed to Promise Lee, 123 Intervale Street; a city of Boston payroll account to Promise Lee, Jr., dated July 30, 1971; a letter dated October 3, 1972, to Promise Lee, Jr., 123 Intervale Street; an automobile installment contract made out to Eloise Porter, dated December 16, 1968; a telephone bill to Promise Lee, Jr., 123 Intervale Street, dated April 10, 1972; form letter from the mayor of Boston to Promise Lee, 123 Intervale Street, dated January 2, 1973; and two copies of a motor vehicle sales tax receipt made out to Eloise Porter, 123 Intervale Street, dated November 8, 1968.

[2]A partly filled out and undated job application form with the name Promise Lee, Jr.; a statement dated July 7, 1971, bearing the name of Promise Lee, requesting a job; an overdue notice from the telephone company to Promise Lee, Jr., 123 Intervale Street, dated May 28, 1972; and a "return" from the Internal Revenue Service to Promise Lee, Jr., 123 Intervale Street, dated January 19, 1973.

As we held in *Commonwealth* v. *Fields, ante,* 679, 682 (1974), law officers engaged in a lawful search may seize evidentiary materials if there is a "nexus" between those materials and the crime under investigation, the test being whether the materials will aid in "a particular apprehension or conviction." *Warden, Maryland Penitentiary* v. *Hayden,* 387 U.S. 294, 307 (1967). See *Commonwealth* v. *Wojcik,* 358 Mass. 623, 626 (1971), and *Commonwealth* v. *Murray,* 359 Mass. 541, 547 (1971). Although the papers were not described in the search warrant, they could nevertheless properly be seized as they were reasonably related to the purposes of the search. See *United States* v. *Bleau,* 363 F. Supp. 438, 440, n. 1 (D. Md. 1973). Compare *Louie* v. *United States,* 426 F. 2d 1398, 1402 (9th Cir. 1970), cert. den. 400 U. S. 918 (1970); *Taylor* v. *Minnesota,* 466 F. 2d 1119, 1121 (8th Cir. 1972), cert. den. 410 U. S. 956 (1973).

The papers were subject to seizure and could be introduced in evidence[3] as they were in plain view of officers who discovered them in the course of legally searching for narcotics. *United States* v. *Smith,* 462 F. 2d 456, 461 (8th Cir. 1972). See *Ker* v. *California,* 374 U. S. 23, 42-43 (1963); *Harris* v. *United States,* 390 U. S. 234, 236 (1968); *Coolidge* v. *New Hampshire,* 403 U. S. 443, 465-466 (1971); *Commonwealth* v. *Deeran,* 364 Mass. 193, 196 (1973); *Commonwealth* v. *Anderson,* 366 Mass. 394, 401 (1974). While the officers may have closely scrutinized the premises for such evidence during the course of their search, nothing in the record before us indicates that the officers who found the papers were not searching for narcotics or paraphernalia. *Warden, Maryland Penitentiary* v. *Hayden,* 387 U. S. 294, 299 (1967).

---

[3] The fact that the most current of the defendant's papers seized were dated January, 1973, three months prior to the search, went to the weight of the evidence, not to its admissibility.

The defendant also argues that there was insufficient evidence to warrant the finding that the defendant was in possession of the heroin found in a bedroom of the third floor apartment at 123 Intervale Street.

To warrant a finding of constructive possession it must be shown that the defendant could exercise dominion or control over the heroin. See *Commonwealth* v. *Guerro*, 357 Mass. 741, 752 (1970). In this case the police observed the defendant entering and leaving the building at 123 Intervale Street several times over a three-day period. During a search of the apartment on the third floor some of the personal papers described above were found in a cabinet drawer (n. 1) and seized. Other papers were found and seized in the same room where some of the heroin paraphernalia were discovered (n. 2). There was also some men's clothing found in this same room.

From this evidence the jury were entitled to infer that the defendant was in possession of the heroin and paraphernalia that were found. See *Commonwealth* v. *Guerro*, 357 Mass. 741, 752 (1970).[4] "Proof of criminal conduct may be established by circumstantial evidence and inferences drawn therefrom." *Commonwealth* v. *Xiarhos*, *ante*, 225, 231 (1974).[5] Contrast *United States* v. *Holland*, 445 F. 2d 701, 703 (D. C. Cir. 1971). And, even though the "inference of guilt from the facts established is not inescapable or necessary," a jury may find a crime proved beyond a reasonable doubt. *Commonwealth* v. *Ehrlich*, 308 Mass. 498, 500 (1941). *Commonwealth* v. *Medeiros*, 354 Mass. 193, 197 (1968), cert. den. sub nom. *Bernier* v. *Massachusetts*, 393 U. S. 1058

---

[4] That there was another person in the apartment at the time "the items were seized makes no difference." *Commonwealth* v. *Dinnall*, 366 Mass. 165, 168 (1974).

[5] Compare the statement in *United States* v. *Carter*, 320 F. 2d 1, 2 (2d Cir. 1963), "The Government need not prove possession by direct evidence, but may do so circumstantially."

(1969). *Commonwealth* v. *Loftis,* 361 Mass. 545, 551 (1972).[6] The inferences drawn from such evidence need merely be "reasonable and possible." *Commonwealth* v. *Merrick,* 255 Mass. 510, 514 (1926). *Commonwealth* v. *Medeiros,* 354 Mass. 193, 197 (1968). *Commonwealth* v. *Smith,* 1 Mass. App. Ct. 642, 644 (1973). *Commonwealth* v. *Xiarhos, ante,* 225, 232 (1974). The weight of the evidence is for the jury. *Commonwealth* v. *Medeiros,* 354 Mass. 193, 197 (1968). See *Commonwealth* v. *Swartz,* 343 Mass. 709, 713 (1962). We hold that there was sufficient evidence adduced in this case to warrant the jury's verdict.

*Exceptions overruled.*

---

[6] See *United States* v. *Chappell,* 353 F. 2d 83, 84 (4th Cir. 1965), and *United States* v. *Taylor,* 482 F. 2d 1376, 1377 (4th Cir. 1973) ("[C]ircumstantial 'evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence.'"). See also *Dirring* v. *United States,* 328 F. 2d 512, 515 (1st Cir. 1964), cert. den. 377 U. S. 1003 (1964); *United States* v. *Craven,* 478 F. 2d 1329, 1333 (6th Cir. 1973), cert. den. 414 U. S. 866 (1973); and *United States* v. *Jackson,* 482 F. 2d 1167, 1173 (10th Cir. 1973), cert. den. 414 U. S. 1159 (1974).