COMMONWEALTH *vs.* TOMMY WILLIAMS
(and five companion cases¹).

Suffolk.    June 11, 1975. — June 26, 1975.

Present: HALE, C.J., ROSE, & GRANT, JJ.

*Firearms.   Narcotic Drugs.*

Convictions of two defendants on indictments charging illegal posses-
sion of shotguns and possession of heroin with intent to distribute
were not warranted by evidence showing merely that the defendants
were in an apartment when the police found the guns and drugs in
it during a search pursuant to a warrant, that one of them was in
bed and that before the search they had been observed entering and
leaving the apartment at various times. [371-372]

SIX INDICTMENTS found and returned in the Superior
Court on May 10, 1973.

The cases were tried before *Connolly, J.*

The case was submitted on briefs.

*Kenneth Weiss* for the defendants.

*Garrett H. Byrne,* District Attorney, for the Common-
wealth.

GRANT, J.    The defendants, Tommy Williams (Tommy)
and Roger Williams (Roger), were each convicted of pos-
session of two shotguns in violation of G. L. c. 140, § 129C
(see G. L. c. 269, § 10, as in effect prior to St. 1973, c. 588),
and of possession of a controlled substance (heroin) with
intent to distribute the same (G. L. c. 94C, §§ 31 and 32).
The only exceptions argued are those taken to the denials
of motions for directed verdicts on each indictment, pre-
sented at the close of the Commonwealth's evidence. The
common argument is that the evidence was insufficient to

---

¹ Two of the companion cases are against Tommy Williams and
three are against Roger Williams.

warrant an inference of possession by either defendant of any of the articles in question.

The virtually identical bills of exceptions reveal only the following. In the course of observing the apartment where the guns and heroin were subsequently found, two Boston police officers had seen both defendants enter and leave "several" times, or on "several" occasions. At approximately 3 P.M. on March 22, 1973, one of those officers, along with other officers, sought entrance to the apartment in order to execute a search warrant. Roger answered the outer door, which opened into the living room. One or two women, not arrested, were in the living room. Tommy was discovered in bed in a room adjoining the living room. One of the searching officers was "aware" Tommy had been in the hospital the day before the search. During the course of the search the two shotguns and 275 envelopes containing heroin were discovered in the kitchen. Roger was immediately arrested, but Tommy was not, "because of his condition."

There was no evidence that the apartment was the home of either defendant or that either had rented it for his own use or for the use of the other. See *Commonwealth* v. *Fancy,* 349 Mass. 196, 199-200 (1965); *Commonwealth* v. *Flaherty,* 358 Mass. 817, 818 (1971). Compare *Commonwealth* v. *Boone,* 356 Mass. 85, 86-87 (1969). Contrast *Commonwealth* v. *Guerro,* 357 Mass. 741, 745, 748, 751-753 (1970); *Commonwealth* v. *Xiarhos,* 2 Mass. App. Ct. 225, 231 (1974); *Commonwealth* v. *Gill,* 2 Mass. App. Ct. 653, 657 (1974); *Commonwealth* v. *Colella,* 2 Mass. App. Ct. 706, 711 (1974). Nor was there evidence to indicate that either defendant had exercised dominion or control over the portion of the apartment in which the guns and heroin were found. Contrast *Commonwealth* v. *Frongillo,* 359 Mass. 132, 133-134, 137-138 (1971); *Commonwealth* v. *Dinnall,* 366 Mass. 165, 168, 169-170 (1974); *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47, 53-54 (1974); *Commonwealth* v. *Gill,* 2 Mass. App. Ct. 653, 656-657 (1974); *Commonwealth* v. *Lee,* 2 Mass. App. Ct. 700, 704-705 (1974). The presence of Tommy in a bedroom in the early afternoon was not suf-

ficient to show dominion or control over the apartment as a whole (compare *Commonwealth* v. *Flaherty,* 358 Mass. 817, 818 [1971]), nor were the unnumbered comings and goings of the defendants at unspecified times and intervals in the past. See *Commonwealth* v. *Pursley,* 2 Mass. App. Ct. 910 (1975). Compare *Commonwealth* v. *Flaherty,* 358 Mass. 817, 817-818 (1971). Contrast *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47, 53-54 (1974); *Commonwealth* v. *Xiarhos,* 2 Mass. App. Ct. 225, 231-232 (1974); *Commonwealth* v. *Lee,* 2 Mass. App. Ct. 700, 704-705 (1974).

The defendant's exceptions are sustained; the verdicts are set aside; on each indictment judgment is to be entered for the defendant.

*So ordered.*