COMMONWEALTH *vs.* AUGUSTIN ROSA. September 30, 1976. The defendant was convicted by a jury of possession of a Class A controlled substance (heroin) with intent to distribute. G. L. c. 94C, §§ 31, 32. He has assigned as error the exclusion of testimony offered for the purpose of showing that someone else owned the heroin seized in the apartment in which the defendant lived and was present at the time the heroin was seized. There was no error in the judge's ruling that such evidence was immaterial. The rule stated by the Supreme Judicial Court in *Commonwealth* v. *Murphy,* 282 Mass. 593, 597-598 (1933), and in *Commonwealth* v. *Graziano,* 368 Mass. 325, 329-330 (1975), and most recently by this court in *Commonwealth* v. *Magnasco, ante,* 144, 147-148 (1976), does not aid the defendant in the circumstances of this case. The gravamen of the charge against the defendant was his dominion and control over the drug. There was evidence which would warrant a finding by the jury of such dominion and control. That some other person might have owned the drug or that the defendant's dominion or control over it was not exclusive was not material or relevant to the question of the defendant's innocence or guilt. *Commonwealth* v. *Guerro,* 357 Mass. 741, 752 (1970). *Commonwealth* v. *Dinnall,* 366 Mass. 165, 168-169 (1974). See *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47, 53-

54 (1974). Contrast *Commonwealth* v. *Williams,* 3 Mass. App. Ct. 370, 371 (1975). There was no abuse of discretion in any of the questioned rulings.

*Judgment affirmed.*

The case was submitted on briefs.

*Daniel F. Toomey* for the defendant.

*Carmen A. Frattaroli,* Assistant District Attorney, for the Commonwealth.