Commonwealth *v.* Rosa.

Commonwealth *vs.* Augustin Rosa.

Suffolk.    April 4, 1977. — June 7, 1977.

Present: Hennessey, C.J., Quirico, Braucher, Wilkins, & Abrams, JJ.

*Narcotic Drugs.    Evidence,* Relevancy and materiality.

At the trial of a defendant for possession of heroin with intent to distribute there was no error in excluding certain testimony offered to show that the defendant did not have control over the drugs seized where certain excluded testimony, namely, that the police were looking for someone other than the defendant when they entered his apartment and that the defendant's son and another occupant of the apartment had previously been arrested on drug charges, tended only to show police opinions based on hearsay, and where other excluded questions were either repetitive or leading. [698-699]

Indictment found and returned in the Superior Court on May 7, 1975.

The case was tried before *Roy, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Thomas Hoffman* for the defendant.

*Robert J. McKenna, Jr.,* Assistant District Attorney, for the Commonwealth.

Braucher, J.    The defendant was convicted by a jury of possession of heroin with intent to distribute, and his appeal under G. L. c. 278, §§ 33A-33G, challenges the judge's evidentiary rulings. The Appeals Court affirmed the judgment, 4 Mass. App. Ct. 839 (1976), and we allowed the defendant's application for further appellate review. We affirm the judgment of the Superior Court on a basis somewhat different from that of the Appeals Court.

The defendant shared an apartment with his wife, a son, and three grandchildren. Police officers entered the apartment on November 18, 1974, pursuant to a search warrant, and seized six packets of heroin from the wife's person

Commonwealth *v.* Rosa.

while she sat in their bedroom in the presence of the defendant. Also found in that bedroom were $4,230 in small denominations and bankbooks bearing the names of the defendant and his wife and showing deposits of about $10,000. A search of a rear bedroom produced seventy-five packets of heroin, a needle and syringe, and papers commonly used to package heroin. There was testimony that the son and the two grandsons slept in the rear bedroom, that the oldest of them, Miguel, eighteen, never returned to the apartment after the raid, and that Miguel used drugs.

The defendant argues that his defense "was grounded upon the assertion that some other occupant of the Rosa apartment was the exclusive possessor of the heroin mentioned in the indictment," and that the judge limited "the defendant's attempt to present his theory of the defense to the jury." The Appeals Court upheld "the exclusion of testimony offered for the purpose of showing that someone else owned the heroin seized in the apartment in which the defendant lived and was present" at the time of seizure. "The gravamen of the charge against the defendant was his dominion and control over the drug. There was evidence which would warrant a finding by the jury of such dominion and control. That some other person might have owned the drug or that the defendant's dominion or control over it was not exclusive was not material or relevant to the question of the defendant's innocence or guilt. *Commonwealth* v. *Guerro,* 357 Mass. 741, 752 (1970). *Commonwealth* v. *Dinnall,* 366 Mass. 165, 168-169 (1974). See *Commonwealth* v. *Mott,* 2 Mass. App. Ct. 47, 53-54 (1974). Contrast *Commonwealth* v. *Williams,* 3 Mass. App. Ct. 370, 371 (1975)." 4 Mass. App. Ct. at 839-840.

The cases cited by the Appeals Court did not rule on the admissibility of evidence offered by the defendant. Cf. *Commonwealth* v. *Sandler,* 368 Mass. 729, 737 (1975); *Commonwealth* v. *Graziano,* 368 Mass. 325, 329 (1975). The *Dinnall* case upheld the admission in evidence of items seized in an apartment where the defendant either lived or spent a great deal of time; the *Guerro, Mott,* and

*Williams* cases were concerned with the question whether evidence warranted the jury's finding. We agree that the Commonwealth's evidence in the present case warranted a finding that the defendant had dominion and control over the drugs seized. But it does not follow that evidence tending toward a contrary conclusion was immaterial. Indeed, the *Guerro* case makes it clear that the occupant of an apartment does not necessarily have possession of everything in it.

We turn, therefore, to the specific items of excluded testimony. Evidence that the police were looking for someone other than the defendant when they entered the apartment and that Miguel and another occupant of the apartment had previously been arrested on drug charges was properly excluded as tending only to show police opinions based on hearsay. Cf. *Commonwealth* v. *Sandler, supra* at 736-737 (indictments excluded). The defendant was not permitted to testify whether Miguel possessed heroin when Miguel was arrested; but the defendant had already testified he was upstairs and Miguel was downstairs at the time. A question whether a defense witness had observed his brother Miguel with a hypodermic needle or syringe was excluded as leading. After that witness testified that he did not see Miguel use drugs, the same question, whether he had seen his brother use drugs, was asked again and excluded.

It seems clear enough that there was no error in the exclusion of these items of evidence.

*Judgment of the*
*Superior Court affirmed.*