COMMONWEALTH *vs.* ANASTACIO C. RIVERA (and a companion case[1]). November 22, 1978. 1. There was no error in the denial of the motions for a directed verdict of either of the defendants, Rivera or Soto. There was evidence that the defendants were present in an apartment into which forcible entry with a search warrant was made by several police officers. Upon entering, the police observed Soto standing "over" the bathroom toilet as twenty-five to thirty packets of heroin were being flushed down the drain. The police managed to retrieve six of these which had an estimated total "street" value of $240. Soto, who was unemployed, had $410 on his person. As the police made their entry, Rivera was seated at a table in the kitchen next to the bathroom. Under his seat, around the table and in a wastebasket were numerous pieces of tinfoil commonly used for wrapping heroin for street sale. Rivera, who was also unemployed, had $152 on his person. In the pantry adjacent to the kitchen were found a variety of paraphernalia commonly used in the preparation of heroin for street sale; and in the bathroom the police discovered hypodermic needles, syringes and cookers used to heat heroin. This evidence, with any reasonable inferences which might be drawn therefrom (*Commonwealth* v. *Montecalvo*, 367 Mass. 46, 54 [1975]; *Commonwealth* v. *Albano*, 373 Mass. 132, 133-135 [1977]), presented a jury question whether the defendants were guilty of unlawful possession of heroin with intent to distribute the same. *Commonwealth* v. *Ellis*, 356 Mass. 574, 575, 578-579 (1970). *Commonwealth* v. *Rugaber*, 369 Mass. 765, 769-770 (1976). *Commonwealth* v. *Tucker*, 2 Mass. App. Ct. 328, 329-330 (1974). *Commonwealth* v. *Miller*, 4 Mass. App. Ct. 379, 381-382, 383-384 (1976). *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 607, 612-614 (1976). Compare *Commonwealth* v. *Buckley*, 354 Mass. 508, 509, 513 (1968). The defendant Rivera's reliance on *Commonwealth* v. *Croft*, 345 Mass. 143, 144 (1962), is misplaced. See *Commonwealth* v. *Ellis, supra* at 578 (an intent to distribute can be inferred from possession). See also *Commonwealth* v. *Clifford*, 374 Mass. 293, 297 (1978). Nor is reliance on *Commonwealth* v. *Flaherty*, 358 Mass. 817 (1971), and *Commonwealth* v. *Williams*, 3 Mass. App. Ct. 370 (1975), availing here where there was evidence connecting the defendants with the heroin and

---

[1] Commonwealth *vs.* Juan Soto.

with those parts of the premises where the drugs and paraphernalia were found. 2. There was undisputed testimony that the defendant Soto had been given the Miranda warnings both orally and on cards written in Spanish and English shown to him before he stated that the $410 found on his person did not belong to him but to another man in the room. Without deciding whether the Commonwealth's failure to furnish Soto with the statement violated a pretrial stipulation that the Commonwealth would furnish the defendant with all written statements and oral statements made by him which had been reduced to writing, we conclude that the statement was properly admitted on rebuttal. There was no error in the judge's finding that the statement was voluntary and not the product of interrogation.[2] *Commonwealth* v. *Glavin,* 354 Mass. 69, 72-73 (1968). *Commonwealth* v. *Scott,* 355 Mass. 471, 478-479 (1969). *Commonwealth* v. *Frongillo,* 359 Mass. 132, 135-136 (1971). *Commonwealth* v. *Swenor,* 3 Mass. App. Ct. 65, 68 (1975). Contrast *Commonwealth* v. *Haas,* 373 Mass. 545, 552 (1977); *Mincey* v. *Arizona,* 437 U.S. 385, 396-401 (1978). In any event, the statement was properly admitted in evidence to impeach Soto's credibility as a prior inconsistent statement in view of his testimony on direct examination that the $410 was the remainder of a Social Security check which he had cashed, and his denial on cross-examination that he had made the statement attributed to him by the police concerning the ownership of the money. *Harris* v. *New York,* 401 U.S. 222, 225-226 (1971). *Commonwealth* v. *Harris,* 364 Mass. 236, 239 (1973).

*Judgments affirmed.*

*Stuart J. Lawlor* for Anastacio C. Rivera.
*Maurice J. McCarthy* for Juan Soto.
*Kevin J. Riordan,* Assistant District Attorney, for the Commonwealth.

---

[2] Soto's remark followed a police officer's statement, upon counting the money found on Soto, that "There's $410 here."