COMMONWEALTH *vs.* HAYWOOD FENNELL. January 13, 1982. The defendant appeals from his convictions on indictments charging possession of certain Class A (heroin) and Class B (cocaine) controlled substances with intent to distribute. See G. L. c. 94C, § 31. There was no error. We treat the defendant's claim of error seriatim.

1. The judge correctly denied the defendant's motion for a required finding of not guilty. The factual situation presented here is controlled by abundant authority. See, e.g., *Commonwealth* v. *Xiarhos*, 2 Mass. App. Ct. 225, 231-232 (1974); *Commonwealth* v. *Gill*, 2 Mass. App. Ct. 653, 657 (1974); *Commonwealth* v. *Lee*, 2 Mass. App. Ct. 700, 704 (1974); *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 613 (1976). See also *Commonwealth* v. *Dinnall*, 366 Mass. 165, 169-170 (1974). Although the

defendant was not observed during the period the apartment was under surveillance, he did arrive while the search was in progress. The defendant's reliance on *Commonwealth* v. *Duffy*, 4 Mass. App. Ct. 655, 659-661 (1976), is misplaced, as that case is distinguishable on its facts. In *Duffy*, this court concluded that the evidence "tends with equal force to establish that the defendant had surrendered control of the [premises], . . . [and] that he was an absentee lessee." *Id.* at 661. Here, in addition to evidence indicating that the defendant was a "current tenant" (*Commonwealth* v. *Xiarhos*, 2 Mass. App. Ct. at 231), there was considerable additional evidence connecting the defendant with the controlled substances found in the apartment. Contrast *Commonwealth* v. *Flaherty*, 358 Mass. 817, 818 (1971); *Commonwealth* v. *Pursley*, 2 Mass. App. Ct. 910 (1975).

2. The defendant contends that certain portions of the judge's instructions were erroneous. The case of *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 424-425 (1978), is directly in point. See also *Commonwealth* v. *Whooley*, 362 Mass. 313, 319-320 (1972), and cases cited. Passing the question whether the defendant's objection to the charge was sufficiently focused to enable the judge to give a curative instruction (if one was in fact necessary), we think that an examination of the charge in its entirety discloses no reasonable likelihood that the jury could have been confused as to the elements of the offenses. Nor can we conclude that the judge's instructions improperly invaded the province of the jury by removing from their consideration some of the essential elements of the offenses.

3. The judge properly denied the defendant's motion for a mistrial at the conclusion of the judge's questioning of a defense witness. Apart from the fact that the granting of a "mistrial is largely a discretionary matter," *Commonwealth* v. *Barnett*, 371 Mass. 87, 96 (1976), cert. denied, 429 U.S. 1049 (1977), "[t]he judge's questions were proper, as they only clarified the witness' testimony and did not abuse the judge's traditional role of controlling the conduct of the trial." *Commonwealth* v. *Charles*, 4 Mass. App. Ct. 853 (1976). See *Commonwealth* v. *Fiore*, 364 Mass. 819, 827 (1974); *Commonwealth* v. *Dias*, 373 Mass. 412, 416-417 (1977). In any event, "the judge's instructions to the jury tended to ameliorate any adverse effect that his remarks may have had on the jury." *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 847 (1980). See *Commonwealth* v. *Festa*, 369 Mass. 419, 423 (1976).

4. Finally, the defendant argues that the introduction of the search warrant and accompanying affidavit in evidence without a proper limiting instruction constituted a miscarriage of justice. That contention is frivolous. The defendant introduced that evidence over objection by the Commonwealth and did not at any time thereafter press for a limiting instruction or object to the lack thereof. See *Commonwealth* v. *Monsen*, 377 Mass. 245, 252 (1979). The defendant cannot now claim on appeal

that his trial strategy somehow denied him due process or caused his trial to be unfair. Cf. *Commonwealth* v. *Williams*, 379 Mass. 600, 605 (1980).

*Judgments affirmed.*

*Joseph F. Flynn* (*Judith L. Truax* with him) for the defendant.

*Muriel Ann Finnegan*, Legal Assistant to the District Attorney (*Robert Nelson*, Assistant District Attorney, with her) for the Commonwealth.