## Commonwealth vs. Nine Hundred and Ninety-two Dollars & another.[1]

Essex.   March 5, 1981. — June 23, 1981.

Present: Hennessey, C.J., Braucher, Wilkins, Liacos, & Nolan, JJ.

*Search and Seizure*, Affidavit.   *Constitutional Law*, Search and seizure.

Discussion of considerations which may favor treating intentional misrepresentations in an affidavit in support of a search warrant differently from reckless or negligent misrepresentations.  [767-768]

Discussion of the appropriate standard to be used in determining whether an affiant has made a false statement with reckless disregard for the truth in an affidavit in support of a search warrant.  [769]

A negligent misrepresentation, in an affidavit in support of a search warrant, of a fact material or necessary to a finding of probable cause for issuance of the warrant would not require the suppression of evidence seized pursuant to such warrant.  [770-772]

With respect to a claim that an affiant had made false statements in reckless disregard for the truth in an affidavit in support of a search warrant, a showing of factual errors in the information reported by informants and included in the affidavit was not sufficient to require the judge to hold a hearing of the type called for in *Franks* v. *Delaware*, 438 U.S. 154 (1978), where the information was not patently unworthy of belief and where there was no showing that the affiant or any other police officer providing information to the affiant had any reason to doubt the truth of the statements.  [773-776]

Civil action commenced in the Superior Court Department on December 7, 1979.

The case was heard by *Alberti*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*James P. Duggan* for the defendants.

---

[1] One 1978 Black Saab automobile, Type 99.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.

*Robert L. Sheketoff,* for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

WILKINS, J. For the first time since the decision of the United States Supreme Court in *Franks* v. *Delaware,* 438 U.S. 154 (1978), we consider principles applicable in this Commonwealth to challenges to the validity of a search warrant based on a claim of factual inaccuracies in an affidavit executed in support of the issuance of that warrant. Although the issue arises in the unusual context of a forfeiture proceeding, our conclusions are not affected by that circumstance.[2]

The party in interest, Michael S. Rutberg, the admitted owner of the defendant property, does not claim that the affiant lied in making any statement in the affidavit. He asserts that the affiant, a Gloucester policeman, made certain false statements in reckless disregard for the truth or at least negligently, and that, as a result of an adequate preliminary showing of the affiant's misconduct, the judge should have granted Rutberg a *Franks*-type hearing on the failure of the affidavit to support the issuance of the search warrant.[3]

---

[2] The Commonwealth grants that the exclusionary rule is applicable to a forfeiture proceeding, a "quasi-criminal" proceeding, in the same way it is applicable in a criminal proceeding. See *One 1958 Plymouth Sedan* v. *Pennsylvania,* 380 U.S. 693, 702 (1965). We have recognized the applicability of an exclusionary rule, as a matter of Massachusetts law, in a civil action where the government sought to rely on illegally obtained evidence to support the discharge of a public employee. *Selectmen of Framingham* v. *Municipal Court of the City of Boston,* 373 Mass. 783, 787-788 (1977).

[3] The Commonwealth conceded that forfeiture of the defendant property could be established only through statements made by Rutberg to the police after his arrest and that those statements would have to be suppressed if the search warrant itself were invalid. Rutberg in turn has conceded that the forfeiture is proper if the warrant was valid. The result in this appeal turns, therefore, on whether Rutberg has made an adequate preliminary showing that he was entitled to a *Franks*-type hearing on the validity of the warrant that was issued on the basis of the affidavit.

Rutberg appealed from a judgment ordering the Commonwealth's possession of the defendant property, and we transferred that appeal here on our own motion. We affirm the judgment, concluding that Rutberg did not make a showing sufficient to require a hearing on his motion to suppress evidence resulting from the search pursuant to the challenged warrant.

In January, 1980, Rutberg was convicted in the District Court of Eastern Essex of certain drug possession charges. He did not appeal those convictions. The district attorney for the Eastern District had brought this forfeiture proceeding in the previous month. See G. L. c. 94C, § 47 (*d*). It is agreed that the money (G. L. c. 94C, § 47 [*a*] [5]) and the motor vehicle (G. L. c. 94C, § 47 [*a*] [3]) are proper subjects of forfeiture, assuming the validity of the warrant which led to the discovery of the information on which this forfeiture proceeding is based.[4]

We start our analysis by considering *Franks* v. *Delaware*, 438 U.S. 154 (1978), and the Federal constitutional principles established there. In that context, we note considerations that may favor treating intentional misrepresentations in an affidavit (perjury) differently from reckless or negligent misrepresentations, although the United States Supreme Court has not yet indicated any acceptance of a distinction. Because we are not dealing here with a claim of perjury, but only with a claim of reckless or negligent misrepresentations, we next consider what standard is appropriate in determining whether a governmental affiant has been shown to have been reckless. We also consider

[4] The Commonwealth has not argued that Rutberg is barred from challenging this forfeiture proceeding either because of his convictions or because of his failure to challenge the validity of the search warrant in the criminal proceedings. Rutberg's convictions of possession of controlled substances do not on their face suggest any prior determination that the subjects of this forfeiture proceeding were used in the commission of the crimes. We consider this case without deciding whether there may be circumstances in which the failure to challenge the validity of a search warrant in a criminal proceeding may have consequences in a subsequent forfeiture proceeding.

whether a showing of only negligence in making false statements in an affidavit would require suppression of the fruits of the resulting search. We conclude that it would not. Finally, we conclude that Rutberg failed to make an adequate preliminary showing that the police affiant acted in reckless disregard for the truth in making any false statements in the affidavit presented in support of the search warrant.

1. The *Franks* opinion dealt with the question whether a defendant in a criminal proceeding ever has the right, under the Fourth and Fourteenth Amendments, subsequent to the ex parte issuance of a search warrant, to challenge the truthfulness of factual statements made in an affidavit supporting the warrant. The Supreme Court of Delaware had answered the question in the negative. *Franks* v. *State,* 373 A.2d 578 (Del. 1977). The Supreme Court disagreed. "We reverse, and we hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." 438 U.S. at 155-156. That opinion makes a persuasive demonstration why a challenge to the truthfulness of information contained in an affidavit presented by a law enforcement officer should not be foreclosed in all instances. In its consideration of the results flowing from a demonstration of a deliberate falsehood or from recklessness, the *Franks* opinion is arguably less satisfactory in its analysis.

Specifically, the *Franks* opinion makes no distinction between the consequences that should flow from a showing of a deliberate falsehood or from a showing of reckless disregard for the truth. In each instance no hearing need be held unless the allegedly false statement is necessary for a finding of probable cause, and no suppression is required unless it subsequently appears that the affidavit, excised of false material, is insufficient to establish probable cause. *Id.* at 155-156, 171-172. Potentially, this approach permits serious and deliberate government wrongdoing to escape the deterrent sanction of the exclusionary rule. See *United States* v. *Carmichael,* 489 F.2d 983, 989 (7th Cir. 1973). Further, if a police affiant committed perjury on a matter that may have influenced the magistrate's finding of probable cause, arguably the warrant should be invalidated (and the fruits of the search excluded), even if the nonperjurious aspects of the warrant would have justified a finding of probable cause.[5] Perhaps the protections of the search and seizure provisions of art. 14 of the Declaration of Rights of the Constitution of the Commonwealth can be assured only through a rule that denies admissibility to all evidence obtained following deliberate misrepresentations made under oath to a magistrate by a law enforcement officer. Because Rutberg disclaims deliberate falsehood by the affiant as a basis for his challenge, we need not consider this question.[6]

---

[5] If there is an intentional misrepresentation of a fact that greatly strengthens an affidavit which is otherwise marginally sufficient, there are strong policy reasons for invalidating the warrant. See *United States* v. *Belculfine,* 508 F.2d 58, 62-63 (1st Cir. 1974).

[6] In pre-*Franks* opinions, various courts said that misrepresentations made with intent to deceive the magistrate, whether or not the error was material, required the invalidation of the warrant. See *United States* v. *Luna,* 525 F.2d 4, 8 (6th Cir. 1975), cert. denied, 424 U.S. 965 (1976); *United States* v. *Marihart,* 492 F.2d 897, 899-900 (8th Cir.), cert. denied, 419 U.S. 827 (1974); *United States* v. *Carmichael,* 489 F.2d 983, 988-989 (7th Cir. 1973); *United States* v. *Thomas,* 489 F.2d 664, 669 (5th Cir. 1973), cert. denied, 423 U.S. 844 (1975); *State* v. *Little,* 560 S.W.2d 403, 407 (Tenn. 1978). Certain State cases are listed in *People* v. *Cook,* 22 Cal. 3d 67, 88 n.13 (1978).

2. In its *Franks* opinion, the Supreme Court did not indicate what standard a judge should use in determining whether an affiant had made a false statement with reckless disregard for the truth. To obtain a hearing on the issue, we know that the defendant must make "a substantial preliminary showing" that, with reckless disregard for the truth, the affiant made a false statement on a matter necessary to the finding of probable cause. *Franks* v. *Delaware,* 438 U.S. 154, 155-156 (1978). If a hearing is held, the defendant must prove the affiant's reckless disregard for the truth by a preponderance of the evidence. 428 U.S. at 157. At a minimum, we think it is clear that a defendant meets his burden by a showing that the affiant did not have reasonable grounds for believing the material, false statement. See *Commonwealth* v. *Abdelnour,* 11 Mass. App. Ct. 532, 538 (1981); *United States* v. *Luna,* 525 F.2d 4, 8-9 (6th Cir. 1975), cert. denied, 424 U.S. 965 (1976). One court has suggested a somewhat less strict standard, by analogy to precedents in the area of libel and the First Amendment. See *United States* v. *Davis,* 617 F.2d 677, 694 (D.C. Cir. 1979), cert. denied sub nom. *Gelestino* v. *United States,* 445 U.S. 967 (1980). In the *Davis* case, the court adopted the subjective standard whether the affiant "in fact entertained serious doubts as to the truth of" his statement and indicated that, on what appears to be an objective test, a demonstration of the existence of "obvious reasons to doubt the veracity of the informant or the accuracy of his reports" would satisfy that standard. *Id.* at 694, quoting from *St. Amant* v. *Thompson,* 390 U.S. 727, 731-732 (1968). Because, as will be seen, Rutberg has made no substantial showing, on either standard, that the affiant acted with reckless disregard for the truth, we need not determine which test is appropriate.[7]

---

[7] The hard case is one in which there are reasonable grounds to believe the truth of the statement, later shown to be false, as well as reasonable grounds for disbelief of that statement. In such a situation, a relevant factor in determining the recklessness of the affiant may be, as the Appeals Court recently suggested in *Commonwealth* v. *Abdelnour,* 11 Mass. App.

3. Generally, State courts have not been asked to consider challenges to the veracity of affidavits in support of a warrant under State constitutional provisions concerned with unlawful searches and seizures. The Supreme Court of New Jersey has been asked, and it declined to extend its State constitutional requirements beyond the limits expressed in the *Franks* opinion. See *State* v. *Howery*, 80 N.J. 563, 568, cert. denied, 444 U.S. 994 (1979). Only California, to our knowledge, has explicitly expressed a State constitutional standard seemingly more strict than that expressed by the *Franks* opinion. It did so before the *Franks* opinion (see *Theodor* v. *Superior Court*, 8 Cal. 3d 77, 100-101 [1972]), and subsequently expanded on the principle (*People* v. *Cook*, 22 Cal. 3d 67, 88 [1978]). California will sustain a challenge to a warrant based on a showing of negligent misrepresentations by the affiant, and it also will strike down any warrant based on an affidavit which contains deliberate falsehoods, even if the affidavit considered apart from that falsehood would support probable cause.

Before us, Rutberg does not state his challenge to the warrant explicitly in terms of a violation of any provision of the Constitution of the Commonwealth. He cites our pre-*Franks* opinion in *Commonwealth* v. *Reynolds*, 374 Mass. 142, 151 (1977), which, however, dealt only with a challenge under the Fourth Amendment to the Constitution of the United States and which expressly declined to discuss what result might follow under our analogous constitutional

Ct. 532, 538 (1981), whether "the police had the means available to establish [the information's] veracity without such delay as would defeat a legitimate law enforcement purpose." We would not, however, sustain a warrant based on a material, false statement made with no reasonable ground for its belief simply because the defendant could not show that the police had some available means of checking its truthfulness.

It may be that a preliminary showing that there were obvious reasons for an affiant to doubt the truthfulness of the information reported in the affidavit would meet the threshold requisite to a hearing but that the ultimate determination of recklessness, after the hearing, would be based on whether the affiant in fact acted without reasonable grounds for believing the false statement set forth in the affidavit.

provision (art. 14 of the Declaration of Rights) or rules adopted without constitutional compulsion. We did acknowledge "[t]hat suppression might follow from negligent as well as intentional misrepresentation" (id. at 146 n.8), but expressed no view on the subject, noting, correctly as it developed, that guidance might be forthcoming in the *Franks* case in which certiorari had recently been granted (id. at 143 n.3). Rutberg does argue, however, that a negligence test should be used in measuring a government affiant's conduct in addition to the *Franks* case's tests of intentional or reckless misrepresentation. The motion to suppress, which for some unexplained reason is not printed in the record appendix, apparently relied in part on art. 14 of the Declaration of Rights. The issue will be important in other cases in any event. We, therefore, consider whether, under the law of this Commonwealth, a negligent misrepresentation, in an affidavit in support of a search warrant, of a fact material or necessary to the finding of probable cause would require the suppression of evidence seized pursuant to such warrant. We conclude that it would not.

The principles underlying the suppression of evidence because of an unreasonable search in violation of constitutional rights rest in large degree on assuring proper police conduct. The *Franks* opinion in its effect declines to the police any reward for intentional or reckless material misstatements contained in their affidavit in support of a warrant. Misstatements of this character bespeak bad faith. One branch of the government should not be permitted to use the flagrant wrongdoing of another branch of government to punish a citizen. The cost to society of the suppression of relevant evidence concerning a defendant's guilt is not insubstantial, but it is a cost which it has been concluded must be paid in such cases in order to assure greater adherence to constitutional requirements. Where, however, a police affiant's misstatement is the product of good faith but negligent conduct, the motivation to temper and regulate police behavior is less and the arguments against the government's using the product of that good faith but negligent conduct against a defendant are weakened.

We recognize that there are valid arguments in support of a rule that strikes down a warrant based on an affidavit containing negligent, material misstatements. See *Theodor* v. *Superior Court*, 8 Cal. 3d 77, 98-101 (1972). See also Kipperman, Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence, 84 Harv. L. Rev. 825, 832 (1971); Comment, The Outwardly Sufficient Search Warrant Affidavit: What If It's False?, 19 U.C.L.A.L. Rev. 96, 139-146 (1971); Herman, Warrants for Arrest or Search: Impeaching the Allegations of a Facially Sufficient Affidavit, 36 Ohio St. L.J. 721, 746-750 (1975). We note that the *Franks* opinion impliedly rejects this stricter standard without any discussion of the merits of that rejection. We are not certain that in practice the difference between the two standards (negligence and recklessness) will prove to be as substantial as they may appear to be. If the test of recklessness, as we suggested earlier it might be, is the absence of any reasonable ground for the affiant to believe the statement, later shown to be false, the difference between the two standards may not be substantial. If the standard is whether the affiant had reasonable grounds to doubt the truth of the statement, the difference is even less. Duties of care expressed in the tort law may not be applicable in this area. Recklessness for this purpose, for example, may include gross negligence in a tort sense and not merely wanton and reckless conduct. In any event, we decline to express the standard of performance expected of a government affiant in terms of negligent misrepresentations, as opposed to intentional or reckless misrepresentations. We turn our attention, therefore, to the facts of the case before us to determine whether Rutberg made an adequate preliminary showing that the affidavit in support of the issuance of the warrant contained false statements made in reckless disregard for the truth.[8]

---

[8] We do not limit our inquiry to the misstatements of the affiant where it appears that false information was relayed to the affiant from another law enforcement officer. The fact that the affiant reported truthfully what another law enforcement officer told him should not insulate that

The portions of the affidavit in support of the search warrant that Rutberg asserted were false are set forth in the margin.[9] The Commonwealth indicated that only the first, second, and fifth numbered statements were essential to a finding of probable cause, and the judge accepted this argument, thus regarding as immaterial any falsity in paragraphs numbered three, four, and six. See *Franks* v. *Dela-*

---

other officer's statements from scrutiny as to their truthfulness or their recklessness. See *Franks* v. *Delaware,* 438 U.S. 154, 163-164 n.6 (1978). A police affiant thus cannot become a "bona fide purchaser" of an intentionally or recklessly false statement made to him by another police officer. We leave to another day the question of an intentional or reckless misstatement by an informer paid by the government.

[9] "1. I have had conversation on several occasions over the past several weeks with a reliable informant who told me that they have observed in a house in Rockport at 237A Main Street quantities namly [*sic*] Marijuana, Thia Sticks (a form of marijuana), Cocaine, and assorted pharmacuticles [*sic*] which the informant was told was speed. This informant said that they observed these drugs on this past wekend [*sic*].

"2. This informant also said the Michael Rutberg who is the person in possession of these drugs went to New York to pick a large quantity of drugs this week and that he left on the first of the week. In conversation with this informant they told me that Michael Rutberg returned on this date 10-12-79.

"3. This informant also told me that the Rutbergs have parties on most every weekend and that that is when most of these drugs are dispensed.

"4. I had conversation with Insp. Edward Hardy of the Gloucester Police department who told me that he has been talking with a person who he believes to be a prudent and reliable person whom he has known for several years and that this person told him that they have observed on many occasions large amounts of cocaine and marijuana in the home of Michael Rutberg with the latest time being this past weekend and this person went on to discribe [*sic*] the house as having two upstaires [*sic*] bedrooms with another room used as a den and that in the room with the den is a chimaney [*sic*] and that against this chimaney [*sic*] is a steamer type trunk which is heavily [*sic*] pad locked [*sic*] and that this trunk is where Michael Rutberg is keeping a quantity of drugs.

"5. Officer Abell told me that he has not seen Michael Rutberg this week until early this morning he said that one of the Rutbergs two 1980 Saabs has also been missing this week.

"6. In further conversation with Insp. Edward Hardy of the Gloucester Police I found that his source of information also said that Jane Rutberg was upset at her husband and wanted him to stop being involved with drugs as he has been taking a great chance at being caught."

*ware,* 438 U.S. 154, 155-156, 171-172 (1978).[10] For the purposes of his attempt to make the preliminary showing necessary to require a *Franks*-type hearing, Rutberg stated what his evidence would show. Not all of the allegedly false statements were shown to be false, and others were challenged only inferentially. We shall assume, however, for the purposes of this case, that Rutberg made a preliminary showing that certain statements material to the finding of probable cause were false.[11] We add, however, that unchallenged portions of the affidavit demonstrate more than a casual attempt by the affiant to corroborate certain of the information given to him. No claim is made that the affidavit was deficient on its face. See *Spinelli* v. *United States,* 393 U.S. 410 (1969); *Aguilar* v. *Texas,* 378 U.S. 108 (1964).

In the course of the hearing below, Rutberg conceded that he was not claiming that the affiant did other than to state truthfully what informants had told him and other police officers. Rather, he claims that it was reckless to have included the informants' statements in the affidavit because their falsity was or should have been apparent. We think it is clear that Rutberg has not made a preliminary showing of the affiant's or other officers' reckless disregard for the truth. Although, as we assume, Rutberg demonstrated that the informants were wrong in certain respects and possibly wrong in others, none of the informants' misstatements was transparent. Since the decision in *Franks* v. *Delaware,* State courts have not accepted a preliminary showing of misstatements in an affidavit as alone sufficient to entitle a defendant to a hearing on the veracity of the

---

[10] As indicated above (see n.5 above, and associated text), we might not accept this approach if the matter to be excised and disregarded was an intentionally false (i.e., perjurious) statement.

[11] Rutberg does not argue that the statements made to the affiant by Officer Abell were made with reckless disregard for the truth. These statements, which appear in par. 5 of the asserted misstatements (see n.9 above), were not shown to be false and were not necessary to a finding of probable cause.

affiant. See *State* v. *Babbitt*, 363 So. 2d 690, 694 (La. 1978); *State* v. *White*, 391 A.2d 291, 294 (Me. 1978); *State* v. *Cervantes*, 92 N.M. 643, 648 (1979); *State* v. *Winfrey*, 40 N.C. App. 266, 269 (1979); *State* v. *Roberts*, 62 Ohio St. 2d 170, 178, cert. denied, 449 U.S. 879 (1980).[12] We conclude that, at least with regard to a claim of recklessness of the type alleged here, a showing of factual errors in the information reported by the informants is not alone sufficient to require the holding of a *Franks*-type hearing unless the information was patently unworthy of belief.[13] There was no showing that the affiant had any reason to doubt the truth of the statements given to him or that any other police officer providing information to the affiant had any such reason. See *United States* v. *Chesher*, 640 F.2d 1069, 1080-1081 (9th Cir. 1981).

Although our conclusions do not turn on this fact, this case is a civil one for the purposes of discovery. "Such proceeding shall be deemed a civil suit in equity." G. L. c. 94C, § 47 (*d*), as appearing in St. 1977, c. 556, § 3. Indeed, Rut-

---

[12] Of course, in his discretion, a judge may decide to hold a hearing merely on a showing that an affidavit contained misstatements of fact, particularly material misstatements. Some jurisdictions may require a hearing in such a situation. In *United States* v. *Carmichael*, 489 F.2d 983, 988 (7th Cir. 1973), a pre-*Franks* opinion, the court said that a hearing is required whenever the defendant makes a preliminary showing that a government agent misrepresented a material fact, but that suppression is required only if, after hearing, the judge finds that the government agent was recklessly or intentionally untruthful. The Supreme Court of New Hampshire in another pre-*Franks* opinion, relying in part on State constitutional principles, indorsed the procedures outlined in the *Carmichael* case. See *State* v. *Spero*, 117 N.H. 199, 204-205 (1977).

[13] We stress that this case involves a claim that the affiant and other officers were reckless in accepting as true the statements of informants. It does not involve claims that the affiant or other officers misrepresented facts within their personal knowledge. See *Rugendorf* v. *United States*, 376 U.S. 528, 532 (1964). We are not concerned here with misrepresentations of what the affiant and other police officers did, said, or heard. A hearing may well be required when, by affidavit, a substantial preliminary showing is made that, on a material matter at least, the affiant (or other police officer) did not do, say, or hear what is represented in the affidavit. See, e.g., *United States* v. *Rios*, 611 F.2d 1335, 1347-1348 (10th Cir. 1979).

berg gave notice of the taking of the depositions of the affiant and others. He had the means of questioning the affiant and others under oath in order to obtain evidence in support of the necessary preliminary showing. While the Commonwealth no doubt would have resisted the disclosure of the informants' identity (and information that might have led to their identity), other information might have been developed.[14] The need for a *Franks*-type hearing to demonstrate the affiant's reckless misstatement of facts is especially uncompelling in the circumstances of this forfeiture case.

*Judgment affirmed.*

---

[14] We intimate no view on when the disclosure of an informant's identity would be required as a matter of right or permissible in the discretion of the judge.