COMMONWEALTH vs. RICHARD E. ASSAD.

Essex.  October 1, 1984. — December 5, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*District Attorney.  Evidence,* Wiretap.  *Search and Seizure,* Electronic surveillance.  *Electronic Surveillance.*

The requirement of G. L. c. 272, § 99 F 2 h, that an application for a wiretap warrant disclose information about any previous applications submitted or warrants obtained was interpreted as demanding a reasonable inquiry and not as an absolute mandate to disclose information not known or reasonably available to the applicant. [419-421]

The judge in a criminal case did not err in denying the defendant's motion to suppress evidence obtained pursuant to a warrant issued in Essex County authorizing the tapping of telephones listed in the defendant's name in Suffolk County, although the application for the warrant failed to disclose, in accordance with G. L. c. 272, § 99 F 2 h, that two years earlier a wiretap warrant had been issued in Suffolk County authorizing the district attorney for that county to tap the same telephones, where there was no evidence that the State police officers who were involved in preparing the Essex County applications or any other person associated with the project knew of the Suffolk County wiretap, and where, assuming that the Essex County applicants should have inquired of the Suffolk County district attorney's office concerning prior wiretaps of the defendant's Boston telephones, there was no evidence that such an inquiry would have disclosed wiretaps undertaken and completed approximately two years earlier. [421-422]

An unintentional misrepresentation of a significant fact in an affidavit in support of an application for a wiretap warrant did not require suppression of information obtained as a result of the wiretap, where the affidavit contained sufficient information apart from the false statement to establish the probable cause required for issuance of the warrant. [422-423]

A district attorney may properly apply under G. L. c. 272, § 99, for a warrant authorizing a wiretap outside of his district. [423]

INDICTMENTS found and returned in the Superior Court Department on September 17, 1980.

A motion to suppress evidence was heard by *Samuel Adams, J.* An application for interlocutory appeal filed in the Supreme

Judicial Court for the county of Suffolk was allowed by *Lynch,* J., and the case was reported by him.

*Anthony M. Traini* for the defendant.

*Robert H. Scarino,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. This is an interlocutory appeal, authorized by a single justice of this court (Mass. R. Crim. P. 15 [b] [2], 378 Mass. 882 [1979]), from an order denying the defendant's motion to suppress evidence obtained pursuant to a warrant issued in Essex County authorizing the tapping of telephones listed in the defendant's name in Suffolk County. The defendant has been indicted in Essex County for conspiring to organize illegal gaming operations and lotteries (G. L. c. 271, §§ 7, 16A, 17, and 17A).[1]

The defendant argues that the warrant application was defective because it (1) failed to disclose prior wiretaps of his telephones, (2) erroneously stated that he had been convicted previously of gaming offenses, and (3) unlawfully involved an attempt by the district attorney for Essex County to obtain a warrant to tap telephones in another county. The motion judge heard testimony from two State troopers who had participated in the preparation of the warrant application, and he received documentary evidence. He passed on various grounds for allowance of the motion to suppress, some of which are not argued here, and ordered that the motion to suppress should be denied. We affirm that order.

1. The July 9, 1980, application for a warrant to tap the defendant's telephones in Boston did not disclose that in 1978 a wiretap warrant had been issued in Suffolk County authorizing the district attorney for that county to tap the same telephones. The State troopers who helped in preparing the application for the Essex County warrant did not know of the prior wiretaps of the defendant's telephones. One trooper knew from his commanding officer that there had been a prior investigation of

---

[1] Other defendants joined in the defendant's motion to suppress. The motion judge indicated that the similar motions of other defendants would be governed by the decision on the defendant's motion.

the defendant in which wiretaps were used. Before the application was presented, his commanding officer, who also did not know of the prior wiretaps, checked State police records and found no record of the prior wiretap authorizations that had been obtained by the Suffolk County district attorney. The judge found that the applicant for the warrant, an assistant district attorney in Essex County, had checked all records of wiretap applications and warrants obtained by his office and by the State police in that county and found no record of a prior wiretap of a telephone of the defendant. The assistant district attorney did not know of the Suffolk County wiretaps.

The defendant asserts a violation of the requirement of G. L. c. 272, § 99 F 2 h, as appearing in St. 1968, c. 738, § 1, that "[i]f a prior application has been submitted or a warrant previously obtained for interception of oral or wire communications," the application for the warrant must set forth "a statement fully disclosing the date, court, applicant, execution, results, and present status thereof." The motion judge ruled that the statutory requirement should be construed to require disclosure only of interceptions of which the applicant had "actual knowledge after reasonable inquiry."

Because the same telephone numbers in the name of the defendant were involved in both the 1978 and 1980 authorizations, we have no difficulty in concluding that disclosure of the circumstances of the 1978 wiretaps was required in the 1980 application unless there are grounds for concluding that the statute's absolute direction concerning the disclosure of prior applications should be tempered. We think the mandate is not absolute and agree with the motion judge that an application is defective for failing to disclose information about a prior application only if the persons involved in or authorizing the application process knew of or on reasonable inquiry would have learned of the prior application.

Section 99 F 2 h appears to require the disclosure of information not required under the literal wording of its Federal counterpart (18 U.S.C. § 2518[1] [e] [1982]), which requires "a full and complete statement of the facts concerning all previous applications known to the individual authorizing and

making the application." The Federal statute has been read to require a reasonable investigation of possible previous applications, and not simply reliance on what was known to the applicant. See *United States* v. *Sullivan,* 586 F. Supp. 1314, 1318 (D. Mass. 1984).

There appears to be no place, like a registry of deeds, in which a prospective applicant for a wiretap warrant may inquire to determine whether a previous wiretap application has been presented.[2] In such a situation we read the disclosure requirement as demanding a reasonable inquiry and not as a mandate to disclose information not reasonably available. If there were a central clearinghouse in fact or if one were required by law, we would take a different view of this question. By the standard we adopt we ensure that an applicant will not benefit from an intentional nondisclosure of a prior application.

The burden was on the defendant to prove that the district attorney's office and the applicant for the warrant did not conduct a reasonable inquiry and that, if they had, they would have learned of the prior warrant application. See *Commonwealth* v. *Scala,* 380 Mass. 500, 510 (1980); *Commonwealth* v. *Antobenedetto,* 366 Mass. 51, 56-57 (1974). The motion judge concluded that the inquiry was sufficient in the circumstances. The question for our decision is whether this conclusion was not warranted as a matter of law.

There is no evidence that the State police troopers who were involved in preparing the Essex County applications or any other person associated with the project knew of the Suffolk County wiretaps. While we are not certain that it was reasonable not to inquire of the Suffolk County district attorney's office concerning prior wiretaps of the defendant's Boston telephones,

---

[2] The annual reports of district attorneys to the General Court called for by G. L. c. 272, § 99 R, do not provide helpful information to a prospective warrant applicant. There is no showing that the criminal information bureau section within the division of State police has maintained, or is required to maintain, records of wiretap applications that would be helpful in these circumstances. See G. L. c. 147, § 4C. All applications, warrants, and returns must be transmitted to the Chief Justice of the Superior Court and general access to that information is denied. G. L. c. 272, § 99 N.

there is no evidence that such an inquiry would have disclosed wiretaps undertaken and completed approximately two years earlier. Because the defendant has not shown that the failure to disclose the Suffolk wiretaps was unreasonable, we need not consider the question whether suppression of the evidence would have been required. See *Commonwealth* v. *Vitello,* 367 Mass. 224, 269-270 (1975); *United States* v. *Sullivan,* 586 F. Supp. 1314, 1320 (D. Mass. 1984).

2.  The defendant argues that the evidence obtained from the wiretaps should have been suppressed because an affidavit in support of the application erroneously stated that the defendant had been "indicted and subsequently convicted of Federal Gaming Violations." In fact, the defendant had been found not guilty of the charges.

The motion judge concluded that the information concerning the defendant's alleged conviction was of great significance and weighed heavily in support of the application for the warrant. He found that the information could have been easily checked and that it was not. He found further that the failure to check the information was not deliberate. He ruled that the misstatement "was careless or even reckless" but that the validity of the warrant should be considered in light of the balance of the affidavit. He concluded on that basis that there was sufficient probable cause to believe that the defendant was using the Boston location as a base of operation to supervise an illegal gaming conspiracy.

The judge appropriately applied the principles of *Franks* v. *Delaware,* 438 U.S. 154, 155-156 (1978), and *Commonwealth* v. *Nine Hundred & Ninety-two Dollars,* 383 Mass. 764, 767-769 (1981), to this case. He did not rule explicitly that the misstatement was reckless, but properly concluded that, if it was reckless, "with the affidavit's false material set to one side," the affidavit's remaining content was sufficient to establish probable cause. *Franks* v. *Delaware, supra.* Although we have suggested that in some instances we might look less favorably on a misstatement in an application for a search warrant than the Supreme Court of the United States would under the principles expressed in *Franks* v. *Delaware* (see *Commonwealth*

v. *Nine Hundred & Ninety-two Dollars, supra* at 768-769), in this case there is no reason for us to do so.

3. The defendant argues for the first time here that the district attorney for Essex County had no authority to apply for a wiretap order for use in Suffolk County. This issue should have been stated as a ground of the motion to suppress. Mass. R. Crim. P. 13 (a) (2), 378 Mass. 871 (1979). The defendant did not list this ground in his application to a single justice of this court for leave to pursue an interlocutory appeal pursuant to Mass. R. Crim. P. 15 (b) (2). We need not consider this issue. See *Commonwealth* v. *Gullick,* 386 Mass. 278, 281 (1982). We do so, however, because the record in this case is adequate for us to do so, without prejudice to the Commonwealth, and because the question has already been presented in another case pending in this court. See *Commonwealth* v. *Bickford, post* 1006 (1984).

The statute contemplates that a district attorney may properly apply for a warrant for a wiretap outside of his district. "Application for a warrant authorized by this section must be made to a judge of competent jurisdiction in the county where the interception is to occur, or the county where the office of the applicant is located." G. L. c. 272, § 99 G, as appearing in St. 1968, c. 738, § 1. Section 99 K 1 allows execution of a wiretap warrant anywhere in the Commonwealth. This general issue was considered and disposed of favorably to the prosecution in *United States* v. *Smith,* 726 F.2d 852 (1st Cir. 1984). The district attorney for County A may seek a warrant to tap telephones located in County B "if he can establish probable cause to believe that the intercepted conversations will provide evidence of a conspiracy taking place in his own county." *Id.* at 861. The application for the wiretap warrant, including the attached affidavit, sets forth sufficient facts to support a finding of probable cause to believe that the evidence sought would establish that an illegal gaming conspiracy was in part taking place in Essex County.

*Order denying defendant's motion
to suppress affirmed.*