COMMONWEALTH *vs*. JOSEPH D. PIGNATO. No. 90-P-1344. July 16, 1991. *Search and Seizure*, Affidavit. *Constitutional Law*, Search and seizure. *Practice, Criminal*, New trial.

The defendant was convicted of trafficking in cocaine (G. L. c. 94C, § 32E) and of carrying a dangerous weapon in a motor vehicle, to wit, a blackjack (G. L. c. 269, § 10[*b*]). Prior to trial this court affirmed the denial of the defendant's motion to suppress the cocaine and the blackjack seized during a search of his person and his automobile.

The defendant now challenges the trial judge's denial of his motion for a new trial without a hearing.[1] The principal contention underlying his motion for a new trial is that the affidavit in support of the search warrant contained deliberate falsehoods as to the past reliability of the confidential informant.[2] See *Commonwealth* v. *Nine Hundred & Ninety-two Dollars*, 383 Mass. 764, 767-768 & nn. 5 & 6 (1981).

Viewing the entire record (which includes the prior proceedings in this court) and acknowledging that the judge properly could determine credibility adversely to the defendant (see *Commonwealth* v. *Smith*, 29 Mass. App. Ct. 449, 453-454 [1990]), we think that the judge erred in not allowing oral testimony or some further interrogation of the police affiant. The defendant made a showing that "rise[s] to the level of a substantial preliminary showing of intentional falsity . . . in the affidavit accompanying the warrant." *Commonwealth* v. *Ramos*, 402 Mass. 209, 215 (1988) (footnote omitted). See *Franks* v. *Delaware*, 438 U.S. 154, 155-156, 171-172 (1978). The defendant here, unlike the defendant in *Commonwealth* v. *Ramos*, *supra*, did more than "merely challenge[] the veracity of the police officer's affidavit by offering his own account of the events in question." The defendant provided an affidavit from a person, one Steven Nelson,[3] claiming to be the anonymous informant (the so-called "IT"), that substantially refuted in material ways statements made by the police affiant.[4] At a minimum, the judge should have held an in camera hearing to interrogate the police affiant. See *Commonwealth* v. *Amral*, 407 Mass. 511, 522-523 (1990).

In conclusion, we think it appropriate to applaud the professionalism of the Commonwealth for its presentation of a competent, careful, and well-crafted brief and to indicate for the record that the defendant's brief

---

[1]See Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979); *Commonwealth* v. *Stewart*, 383 Mass. 253, 260 (1981) ("[W]here a substantial issue is raised and is supported by a substantial evidentiary showing, the judge should hold an evidentiary hearing").

[2]Prior to trial a judge had denied "a motion to disclose the identity of certain informants."

[3]Notwithstanding the Commonwealth's argument that Nelson's affidavit contains internal inconsistencies as to whether he was among the group of six first-time citizen-informants, it still may fairly be read as an assertion by him that he was "IT," the one informant whose information was found to be essential to a determination of probable cause.

[4]We note that the Commonwealth (which, of course, was not required to do so) filed no counter affidavits.

barely reaches the level of appellate argument required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

The order denying the defendant's motion for a new trial is vacated, and the matter is to stand for such further proceedings as are warranted in a manner not inconsistent with this opinion.[5]

*So ordered.*

*Kevin P. Curry* for the defendant.

*Margaret J. Perry*, Assistant District Attorney, for the Commonwealth.

---

[5]No argument has been made that the affidavit could have been upheld without any reliance on the statements alleged to be false. See in this regard *Commonwealth* v. *Honneus*, 390 Mass. 136, 142-143 (1983).