COMMONWEALTH *vs.* MARSHALL DION.

No. 90-P-1484.

Suffolk. May 9, 1991. - August 5, 1991.

Present: WARNER, C.J., GILLERMAN, & IRELAND, JJ.

*Constitutional Law*, Search and seizure. *Search and Seizure*, Affidavit, Probable cause, Automobile. *Controlled Substances. Probable Cause.*

A criminal defendant did not demonstrate that allegedly false statements in a search warrant affidavit were necessary to the finding of probable cause to issue the warrant so as to entitle the defendant to an evidentiary hearing to challenge the affidavit's veracity. [170-175]
Sufficient evidence was presented at the trial of an indictment for trafficking in marihuana to show that the defendant had possession of a quantity of marihuana found in a certain automobile. [175-176]

INDICTMENT found and returned in the Superior Court Department on June 21, 1988.

A pretrial motion to suppress evidence was heard by *Guy Volterra*, J., and a pretrial motion for an evidentiary hearing to challenge the veracity of the affidavit supporting a search warrant was heard by *Robert Malcolm Graham*, J. The case was heard by *Robert W. Banks*, J.

*Conrad J. Bletzer, Jr.*, for the defendant.

*John F. Coffey*, Assistant District Attorney, for the Commonwealth.

WARNER, C.J. On May 24, 1988, an automobile search pursuant to a warrant resulted in the seizure of over one hundred pounds of marihuana. This led to the defendant's indictment and subsequent conviction in a jury-waived trial in the Superior Court for trafficking in marihuana. G. L. c. 94C, § 32E. Alleging that the affidavit supporting the search warrant contained misrepresentations, the defendant filed a pretrial motion for an evidentiary hearing to challenge the affidavit's veracity. The motion was denied on May 3, 1989,

after a hearing.[1] The defendant's motion to suppress the evidence seized during the search, on the ground that the warrant failed to establish probable cause, was also denied after a hearing.[2] On appeal, the defendant challenges the denial of his pretrial motions and further claims, for the first time on appeal, that insufficient evidence was presented at trial to establish his possession of the marihuana seized in the search of the automobile. We affirm.

1. *The pretrial motions.* The affidavit supporting the search warrant was prepared by Boston police Detectives John Rogers and William Gavin. It stated the following:

On May 5, 1988, the police responded to a reported breaking and entering at 48 Brighton Avenue. There they found a white substance that appeared to be cocaine in various plastic bags, four sets of scales, packages of disposable syringes, three glass vials containing white powder, and identification in the name of Marshall H. Dion, "occupant of the apartment." On that date, an arrest warrant was issued against the defendant for trafficking in cocaine and possession of marihuana with intent to distribute. Subsequent investigation disclosed that the defendant had an "extensive criminal record of narcotic drug violations," including seizures of large quantities of drugs in Texas in 1974 and from a motor vehicle in Arizona in 1982, as well as possession of cocaine and an attempt to bribe a police officer in California in 1986. The information concerning drug violations was obtained from the United States Drug Enforcement Agency. On May 24, 1988, the police were again called to the defendant's apartment concerning a reported break-in. When they arrived, they saw the defendant fleeing the building and running into an alley. They apprehended and arrested him pursuant to the May 5 warrant. While the defendant was being booked, police officers saw him attempting to "secrete on his body" an automobile key. A yellow tag attached to the key described a 1986 white four-door

---

[1] The prosecutor and the defendant's attorney appeared at the hearing. No witnesses were permitted to testify.

[2] A motion for reconsideration of both pretrial motions was also denied.

Chrysler Fifth Avenue sedan. Police officers returned to the vicinity of the arrest and saw a white four-door Chrysler Fifth Avenue with Arizona license plates parked and locked on Fordham Road approximately eighty feet from the intersection of Brighton Avenue. Based on this information, the police obtained a warrant to search the automobile for drugs, records, and money obtained from the sale of drugs.

The defendant claims that the affidavit contains misrepresentations which entitled him to an evidentiary hearing concerning the affidavit's veracity. The Fourth Amendment to the United States Constitution entitles a defendant to an evidentiary hearing if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ." *Franks* v. *Delaware*, 438 U.S. 154, 155-156 (1978). *Commonwealth* v. *Nine Hundred & Ninety-two Dollars*, 383 Mass. 764, 767 (1981).[3] *Commonwealth* v. *Honneus*, 390 Mass. 136, 142-143 (1983). "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory . . . . Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks* v. *Delaware, supra* at 171. If a defendant merely offers his own version of the facts, "[t]his does not rise to the level of a substantial preliminary showing

---

[3]The Supreme Judicial Court has suggested that if a preliminary showing of intentional misrepresentation were made, art. 14 of the Declaration of Rights of the Massachusetts Constitution might require a *Franks* hearing without a showing that the alleged misrepresentation was necessary to establish probable cause. *Commonwealth* v. *Nine Hundred & Ninety-two Dollars, supra* at 768. See *Commonwealth* v. *Assad*, 393 Mass. 418, 422-423 (1984); *Commonwealth* v. *Ramos*, 402 Mass. 209, 215 n.4 (1988). The defendant's challenge relies only on *Franks* v. *Delaware, supra*. Therefore, we base our analysis on the Federal constitutional principles established in *Franks*. Additionally, at the hearing held to determine whether the defendant had made the preliminary showing required to entitle him to a *Franks* hearing, he stated that he was not alleging that knowingly false representations had been made, but rather that false representations had been made with reckless disregard for the truth.

of intentional falsity or reckless disregard for the truth in the affidavit accompanying the warrant." *Commonwealth* v. *Ramos*, 402 Mass. 209, 215-216 (1988).

Two of the defendant's claims — that he did not "secrete" the key to the Chrysler automobile and that he could not have been seen to "run" when he fled his apartment building because an unspecified injury prevented him from running — do not require discussion as they merely pit his version of the facts against that of the affiants.

Two of the defendant's allegations, however, merit attention. First, he states that at the time the affiants alleged that a white substance, believed to be cocaine, had been found in the defendant's apartment, they knew that it had been tested and found negative for cocaine, and they also knew that the criminal charges against the defendant based on its seizure were going to be dismissed. An affidavit signed by Mr. Conrad J. Bletzer, Jr., the defendant's attorney, supported this allegation. The affidavit states that at approximately 3:00 or 4:00 in the afternoon of May 24, 1988 (the date the search warrant was issued), affiant John Rogers told Bletzer "that the powder seized from the defendant's apartment had been analyzed and came back as [containing] 'no narcotic substance.' " An affidavit filed by another attorney, Mr. Dennis Ditelberg, made essentially the same assertions but stated that he had received the information from either John Rogers or Federal Drug Enforcement Agency members. Based on these affidavits, the motion judge determined that the affiants' statement concerning the white substance found in the defendant's apartment appeared to be misleading. He concluded, however, that the drug paraphernalia found there "would weigh heavily" in a magistrate's probable cause determination and that the defendant had not made the showing necessary to require a *Franks* hearing.

The defendant further alleged that, at the time of the affiants' allegations concerning the defendant's prior record, they knew "that the defendant did not have an extensive criminal record of narcotic drug violations," and they knew that none of the cases mentioned in the affidavit had resulted

in a conviction. This claim of misrepresentation came before the motion judge unaccompanied by further substantiation,[4] and he properly determined that the defendant had not made a substantial preliminary showing of reckless or intentional misrepresentation concerning this allegation.[5] At trial, however, Rogers testified that at the time he prepared the affidavit supporting the search warrant, he did not know of any convictions obtained as a result of the narcotics violations alleged in the affidavit.

The general rule is that we "may not use subsequent evidence in deciding the correctness of an earlier ruling." *Commonwealth* v. *Collins*, 11 Mass. App. Ct. 126, 132 (1981), and cases cited. See *Commonwealth* v. *Singer*, 29 Mass. App. Ct. 708, 709 n.1 (1991). However, because the search warrant application affidavit apparently provided misleading information concerning the white substance found in the defendant's apartment, we assume, without deciding, that "this is a 'case where the record indicates circumstances justifying a departure from the rule,'" *Commonwealth* v. *Collins*, *supra* at 132, quoting from *Commonwealth* v. *Howard*, 4 Mass. App. Ct. 476, 482 (1976), and we take into account, for purposes of discussion, Rogers' trial testimony. We further assume, without deciding, that a substantial showing has thus been made that the allegations concerning the defendant's prior criminal record constituted a reckless misrepresentation.

---

[4]The defendant's affidavit stating that he had never been arrested in Texas or California and that he had never been convicted of any crimes other than in Massachusetts is not supportive of the allegation with respect to the affiants' knowledge.

[5]The record appendix prepared by the defendant contains a copy of an affidavit dated December 6, 1989, signed by Mr. Bletzer. It states that Bletzer spoke with Detective Rogers immediately before the hearing on the *Franks* motion and that Rogers then informed him that Rogers "knew of no convictions of the defendant prior to filing the [search warrant] affidavit." Bletzer's December 6, 1989, affidavit is dated after the date of the motion judge's decision to deny the motion for a *Franks* hearing, but on the same date as the defendant's motion for reconsideration. However, there is no indication in the record that this affidavit was ever filed.

The question then becomes whether the two pieces of allegedly misleading and false information, or either one of them, was necessary to the finding of probable cause. *Franks v. Delaware, supra* at 155-156. In order to establish probable cause, a search warrant affidavit "must contain enough information for the issuing magistrate to determine that the items sought are related to the criminal activity under investigation, and that they reasonably may be expected to be found in the place to be searched . . . . A nexus between the items to be seized and the place to be searched need not be based on direct observation and may be found in 'the type of crime, the nature of the . . . items, the extent of the suspect's opportunity for concealment, and normal inferences as to where a criminal would be likely to hide [contraband].' " (Citations omitted.) *Commonwealth v. Pratt,* 407 Mass. 647, 661 (1990). After excising the alleged misrepresentation concerning the defendant's criminal record and supplying the omitted information concerning the laboratory findings on the white substance found in the defendant's apartment, see *United States v. Parcels of Land,* 903 F. 2d 36, 47 (1st Cir. 1990), we conclude that sufficient facts remain to support a finding of probable cause that the automobile contained contraband connected to the defendant's drug-related criminal activity.[6]

Evidence of the defendant's involvement in illicit narcotics activity included the drug paraphernalia found in his apartment, see *Commonwealth v. Malone,* 24 Mass. App. Ct. 70, 73 (1987) (informant's "observation of . . . white powder, presumably to be used for cutting cocaine" considered in probable cause determination); his attempt to flee from the police, see *Commonwealth v. Ceria,* 13 Mass. App. 230, 234 (1982), and cases cited (defendant's flight "would naturally create a strong suspicion that he had committed a crime or was about to do so"); and his attempt to secrete the car key, see *Commonwealth v. Concepcion,* 10 Mass. App. Ct. 613,

---

[6]This conclusion necessarily disposes of the defendant's arguments of error in the denial of the motion to suppress, as well as those related to the denial of the *Franks* motion and the reconsideration of both.

616 n.2 (1980), and cases cited (furtive gesture relevant in probable cause determination); *Commonwealth* v. *Wooden,* 13 Mass. App. Ct. 417, 422 (1982) ("act of concealment," in conjunction with other circumstances, relevant in probable cause determination). The association of the defendant and the automobile searched was established by the fact that he had on his person an automobile key with a descriptive tag attached and that an automobile fitting that description was found parked and locked near his home. Finally, the connection between the automobile and the contraband was established by the defendant's suspicious behavior in attempting to hide the automobile key while he was being booked on a drug charge. See *Jetmore* v. *State,* 275 So. 2d 61, 64-65 (Fla. Dist. Ct. App. 1973) (attempt to conceal automobile trunk key during roadside stop for suspicion of burglary may be considered in determination of probable cause to search automobile); *State* v. *Watts,* 209 Neb. 371, 375 (1981) (attempt to conceal automobile trunk key during roadside stop for traffic violation a factor in finding probable cause to search trunk). Cf. *Commonwealth* v. *Fenderson,* 410 Mass. 82, 88 (1991) (discovery of cocaine and safety deposit box keys in defendant's apartment, viewed in light of defendant's trafficking activities and fact that drug traffickers often use safety deposit boxes to hide money, established probable cause to search safety deposit boxes). Additionally, as the motion judge noted, the break-ins at the defendant's apartment could "lead to the inference that the defendant was storing drugs in the automobile as a safer depository." While none of the facts recited alone sufficed to establish probable cause to search the automobile, taken together they supported a rational inference that the automobile probably contained contraband. See *Commonwealth* v. *Stewart,* 358 Mass. 747, 751 (1971) ("The sufficiency of the affidavit is to be decided on the basis of a consideration of all of its allegations as a whole, and not by first dissecting it and then subjecting each resulting fragment to a hypertechnical test of its sufficiency standing alone"); *Commonwealth* v. *Saleh,* 396 Mass. 406, 412 (1985).

2. *Possession of the marihuana.* The defendant contends that insufficient evidence was presented at trial to show that he had possession of the marihuana found in the automobile searched, an element of an offense under G. L. c. 94C, § 32E. He failed to move for a required finding of not guilty below, see Mass.R.Crim.P.25(a), 378 Mass. 896 (1979), and on appeal cites no authority to support his allegations, as required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). We nevertheless address his claim because a "finding[ ] based on legally insufficient evidence [is] inherently serious enough to create a substantial risk of a miscarriage of justice." *Commonwealth* v. *McGovern,* 397 Mass. 863, 867-868 (1986), and cases cited. *Commonwealth* v. *Baldwin,* 24 Mass. App. Ct. 200, 204 (1987).

" 'Possession implies "control and power," exclusive or joint . . ., or, in the case of "constructive possession," knowledge coupled with the ability and intention to exercise dominion and control.' . . . 'Proof of possession of a controlled substance may be established by circumstantial evidence, and the inferences that can be drawn therefrom.' " (Citations omitted.) *Commonwealth* v. *Arias,* 29 Mass. App. Ct. 613, 617-618 (1990), *S.C.,* 410 Mass. 1005 (1991). Compelling evidence of the defendant's control over the automobile containing the marihuana was introduced at trial. The morning of the automobile search, the defendant was seen at a storage bin he had rented in Lynnfield, standing beside a white four-door Chrysler with Arizona license plates. That day, while he was being booked, he had on his person an automobile key with a tag inscribed "1986 Chrysler, four door, white in color." On the same day the police discovered, parked beside the defendant's apartment building, a white, four-door Chrysler with Arizona license plates fitting the description on the tag. On the front seat lay a receipt to a storage area in Lynn. See *Commonwealth* v. *Guerro,* 357 Mass. 741, 751-753 (1970); *Commonwealth* v. *Lee,* 2 Mass. App. Ct. 700, 704 (1974); *Commonwealth* v. *Nichols,* 4 Mass. App. Ct. 606, 613 (1976); *Commonwealth* v. *Fiore,* 9 Mass. App. Ct. 618, 623-624, cert. denied, 449 U.S. 938 (1980) (all demon-

Commonwealth *v*. Dion.

strating sufficient evidence of the defendant's connection to the place where the contraband was discovered). Compare *Commonwealth* v. *Flaherty*, 358 Mass. 817, 818 (1971); *Commonwealth* v. *Pursley*, 2 Mass. App. Ct. 910 (1975); *Commonwealth* v. *Duffy*, 4 Mass. App. Ct. 655, 659-661 (1976); *Commonwealth* v. *Handy*, 30 Mass. App. Ct. 776, 780-781 (1991) (all involving insufficient evidence of defendant's connection to the place where the contraband was found).

Convincing evidence was also presented that the defendant knew the marihuana was in the Chrysler. See *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 426-427 (1985), quoting from *Commonwealth* v. *Altenhaus*, 317 Mass. 270, 273 (1944) ("Knowledge 'may be, and generally is, proved by circumstantial evidence; and it may be inferred from a great variety of circumstances' "). Evidence was presented of the defendant's illicit drug activity, including the discovery of drug paraphernalia in his apartment and the discovery of eight hundred dollars in cash on the front seat of the Chrysler. See *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 410 (1989) (possession of large amounts of cash evidence of drug dealing); *Mercedes* v. *Commonwealth*, 405 Mass. 693, 693-694 (1989) (possession of drug paraphernalia and large amounts of cash evidence of drug dealing). His attempt to put the key to the Chrysler automobile in his mouth while he was being booked on a drug charge, taken in the context of the other evidence of his drug dealing, provided a sufficient basis for inferring that he was attempting to secrete the key because he knew the marihuana was in the trunk of the automobile. Viewing the evidence in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979); *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989), a fact finder could conclude beyond a reasonable doubt that the defendant had been in possession of the marihuana seized from the trunk of the Chrysler automobile.

The orders denying the motions to suppress and for a *Franks* hearing and for reconsideration of those actions are affirmed. The judgment is affirmed.

*So ordered.*