NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1285

COMMONWEALTH

vs.

RAYCHA MOJICA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Raycha Mojica, was charged in the District Court with several drug and firearms offenses, including carrying a loaded firearm without a license in violation of G. L. c. 269, §§ 10 (a) and 10 (n).  The firearm in question was recovered during the execution of a warrant to search the defendant's car.  The defendant moved to suppress the evidence seized from her car on grounds that the warrant was issued without probable cause and lacked particularity.  A District Court judge allowed the defendant's motion, and the Commonwealth obtained leave to pursue an interlocutory appeal.  We affirm the order granting the motion to suppress.

Discussion.  "Whether a search warrant is supported by probable cause 'is a question of law that we review de novo.'" Commonwealth v. Vasquez, 482 Mass. 850, 866 (2019), quoting Commonwealth v. Perkins, 478 Mass. 97, 102 (2017).  "That review begins and ends with the four corners of the affidavit" (quotation and citation omitted).  Commonwealth v. Defrancesco, 99 Mass. App. Ct. 208, 211 (2021).  "The basic question for the magistrate, when evaluating an affidavit supporting an application for the issuance of a search warrant, is whether there is a substantial basis on which to conclude that the articles or activity described are probably present or occurring at the place to be searched."  Commonwealth v. Spano, 414 Mass. 178, 184 (1993).  Where, as here, the search warrant pertains to a vehicle, the supporting affidavit must establish "a timely nexus" between the criminal activity and the vehicle, such that evidence of that activity "reasonably could be expected to be found there."  Commonwealth v. Wade, 64 Mass. App. Ct. 648, 651 (2005).

Here, the police applied for warrants to search the defendant's residence and car for evidence that the defendant was selling crack cocaine.[1]  The applications were  supported by

---

[1] The defendant does not challenge the issuance of the warrant to search her residence.

the same affidavit.  The affidavit described an investigation into suspected drug distribution out of the defendant's residence in Springfield, based on reports from a confidential informant that he had purchased crack cocaine from the defendant through the second-floor bathroom window on the back side of the house "on multiple occasions."  The informant also stated that the defendant drove a black Acura MDX.  Police conducted surveillance of the house and saw a black Acura MDX parked in the driveway.  It was registered to the defendant at that address, and the informant identified the defendant as the person who sold him drugs, presumably from a photograph that the affiant obtained from the Registry of Motor Vehicles.

The affidavit described three controlled buys of crack cocaine from the defendant, all arranged by the informant by placing a telephone call to the defendant.  The first and third buys were conducted out of the second-floor rear bathroom window of the residence.  The second controlled buy, which took place about three weeks before the police applied for the search warrants, was the only transaction that involved the defendant's car.  When the informant telephoned the defendant to arrange a purchase, she told him she was not home but would arrive shortly.  When she arrived in the Acura and pulled into the

3

driveway, the informant approached the driver's side of the car and bought crack cocaine from the defendant through the window.

The Commonwealth argues that the description of this second buy permits a reasonable inference that the defendant kept a ready supply of crack cocaine in her car. We disagree. Generally, "[a] controlled purchase of narcotics, supervised by the police, provides probable cause to issue a search warrant." Commonwealth v. Warren, 418 Mass. 86, 89 (1994). However, the circumstances of the controlled buy must support an inference that contraband will be found in the particular location to be searched, at the time the warrant is executed. To establish probable cause to search a car, the supporting affidavit must contain evidence establishing a pattern of drug distribution and specific facts demonstrating the car's involvement in the drug-related activity. See, e.g., Commonwealth v. Staines, 441 Mass. 521, 526 (2004) (undercover officer conducted six controlled narcotics buys, all from defendant's car, and defendant appeared to stash additional drugs in car); Commonwealth v. Santiago, 66 Mass. App. Ct. 515, 524 (2006) ("extensive drug operation" involved multiple sites of sale; car served as meeting place for defendant and cohort; defendant returned to car to retrieve drugs during sale, suggesting "drugs were kept and ready in the car"; and defendant used car during drug sale within seventy-two

4

hours of issuance of warrant); Commonwealth v. Dion, 31 Mass. App. Ct. 168, 174 (1991) ("connection between the automobile and the contraband was established by the defendant's suspicious behavior in attempting to hide the automobile key while he was being booked on a drug charge," plus recent break-ins at defendant's apartment permitted "inference that the defendant was storing drugs in the automobile as a safer depository"). See also Commonwealth v. Burt, 393 Mass. 703, 716 (1985) (probable cause to search car where defendants accused of larceny were observed moving packages between cars and residences, and where "hasty disposal of [contraband] could have been risky"). The affidavit in this case contained no evidence suggesting that "the defendant used the vehicle to store drugs," "that the defendant routinely carried an inventory of drugs ready for delivery," or that the car was otherwise integral to the defendant's drug distribution operation. Wade, 64 Mass. App. Ct. at 651-652. We are left to rely on the informant's description of just one controlled buy involving the defendant's car, approximately three weeks before the warrant application was submitted.

At best, the facts in the affidavit permitted an inference that the defendant engaged in drug distribution out of her house and, on one occasion, conducted a transaction from her car upon

5

her return to her house.  That is inadequate to establish probable cause to search the car.  See Commonwealth v. Pina, 453 Mass. 438, 442 (2009) (search warrant for apartment not supported by probable cause where based on "single observation" of sale of cocaine from motor vehicle at another location three days before warrant application); Commonwealth v. Reddington, 395 Mass. 315, 323 (1985) ("information as to a single transaction [that] could be seen to describe no more than an isolated event in the past . . . would not create probable cause to believe that similar or other improper conduct is continuing to occur" [citation omitted]).

Moreover, to the extent the single transaction established a nexus between the defendant's drug distribution operation and the Acura, it was not a timely nexus, having occurred three weeks before the warrant was sought.  The Commonwealth argues that the affidavit provided evidence of an ongoing or continuous drug distribution activity, curing any staleness problem.  See Commonwealth v. Cruz, 430 Mass. 838, 843 (2000) (ongoing criminal activity cured staleness of warrant issued two weeks after last controlled buy); Commonwealth v. Colon, 80 Mass. App. Ct. 162, 170 (2011) (ongoing criminal activity cured staleness of warrant issued four days after last controlled buy from defendant and two days after defendant conducted "street-level

6

drug transactions").  However, here, the affidavit described a continuing operation out of the defendant's house, not out of her car.  "Information establishing that a person is guilty of a crime does not necessarily constitute probable cause to search" a particular location.  Commonwealth v. Cinelli, 389 Mass. 197, 213, cert. denied, 464 U.S. 860 (1983).  Evidence of continuing criminal activity out of the defendant's house was not sufficient to overcome the three-week gap between the single transaction out of the defendant's car and the issuance of the warrant.  The motion judge correctly concluded that the warrant application failed to establish a reasonable inference that evidence of drug distribution would be found in the defendant's car.

We also note that the warrant to search the car did not provide any description of the items the police were authorized to search for.  The Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights require that a warrant describe with particularity the place to be searched and the items to be seized.  See Commonwealth v. Padilla, 105 Mass. App. Ct. 138, 141 & n.3 (2024).  "By defining and limiting the scope of the search, these constitutional and statutory particularity requirements prohibit general warrants amounting to 'exploratory rummaging in

a person's belongings.'"  Commonwealth v. Molina, 476 Mass. 388, 394 (2017), quoting Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971).  Where the Commonwealth seeks to search two separate locations, each warrant must independently satisfy the particularity requirement.  We emphasize that this constitutional obligation applies regardless of whether related warrants are sought in the same investigation.  See Commonwealth v. Holley, 478 Mass. 508, 521-529 (2017) (reviewing particularity of each warrant independently where multiple warrants issued).  Because we conclude that the warrant application did not establish probable cause to search the Acura, we need not address whether the Commonwealth carried "its burden of demonstrating that the affidavit was attached to the search warrant or present at its execution."  Padilla, supra at 143-144.

Order granting motion to
    suppress affirmed.

By the Court (Massing,
    Ditkoff & Hand, JJ.[2]),

Clerk

Entered:  June 5, 2026.

---

[2] The panelists are listed in order of seniority.